## Greenberg *v.* Blumberg, Appellant.

Argued November 13, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Norman P. Zarwin,* with him *William L. Meritz,* and *Zarwin, Prince & Baum,* for appellants.

*Stanley M. Greenberg,* with him *Leonard M. Sagot,* and *Greenberg, Poserina and Sagot,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

George Greenberg and Samuel Feldman (buyers), purchased from Hyman Blumberg and Pauline Blumberg (sellers), a hardware business located on Chew Street in Philadelphia. The sale included the business name, but not title to the real estate which was owned by the Blumbergs. Simultaneously, the sellers leased that portion of the building in which the business was conducted to the buyers for a term of three years with an option to renew for two years, and an additional option to renew for five years thereafter. These options were duly exercised.

The written agreement of sale, in which the terms of the lease were incorporated by reference, provided, inter alia, that the buyers would not directly or indirectly engage in the ownership or operation of a similar business within a radius of one mile of the Chew Street business address, for a period of two years after the termination of the lease.

Several months before the last mentioned date, the buyers instituted this action seeking a declaratory judgment to determine the validity and enforceability

of the restrictive covenant hereinbefore described. After the pleadings were closed, the lower court entertained a motion for judgment on the pleadings and entered such a judgment in favor of the plaintiffs. From this judgment, the present appeal was filed.

There is no provision in the Uniform Declaratory Judgments Act (Act of June 18, 1923, P. L. 840, as amended, 12 P.S. §831 et seq.) authorizing the entry of judgment on the pleadings. See, *Daniels Company, Contractors, Inc. v. Nevling,* 385 Pa. 276, 122 A. 2d 814 (1956). More basically, however, the lower court abused its discretion in exercising jurisdiction in the proceedings.

An action seeking a declaratory judgment is not an optional substitute for established or available remedies and should not be granted where a more appropriate remedy is available: *McWilliams v. McCabe,* 406 Pa. 644, 179 A. 2d 222 (1962); *State Farm Mutual Automobile Ins. Co. v. Semple,* 407 Pa. 572, 180 A. 2d 925 (1962); *Mohney Estate,* 416 Pa. 107, 204 A. 2d 916 (1964). In the instant dispute, not only is there a more appropriate remedy in equity available, but such an action is in fact pending below. Therein, the rights of the parties can and should be expeditiously and finally determined.

While the granting of a petition for declaratory judgment is a matter lying within the sound discretion of the court of original jurisdiction, such a proceeding should not be entertained in the circumstances here prevailing. The fact that both parties "accepted" the court's jurisdiction is not controlling. The question of the availability of such an action must still be determined by this Court on appeal: *Stevenson v. Stein,* 412 Pa. 478, 195 A. 2d 268 (1963).

The argument that, as of the date the present action was instituted, no other remedy was available to the buyers is not persuasive. This position could be

advanced in any situation wherein subsequent litigation is imminent. In connection with the argument that the buyers were faced with the "dilemma" of losing their investment, it is interesting to note that they did not await the final outcome of the present proceedings before beginning the operation of a similar business at two other locations within the restricted area.

Judgment vacated and proceedings dismissed.

Mr. Justice JONES dissents.