Bierkamp et ux., Appellants, *v.* Rubinstein.

90

Argued April 24, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Gerald A. Gleeson, Jr.,* with him *Edward D. Slevin,
John M. Bernard,* and *Montgomery, McCracken,
Walker & Rhoads,* for appellants.

*Fronefield Crawford,* Solicitor, for township, inter-
vening appellee.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

This is an action for a declaratory judgment
brought by appellants to determine the easement
rights of certain neighboring property owners, the
defendants below, in a 10-foot wide alley leading
from the rear of appellants' premises which front on
Lancaster Avenue, Radnor Township. The action also
seeks a declaration of the responsibility of the respec-
tive parties for repair and maintenance of the said
alley.

The alley (hereinafter the side alley) is located on
the westerly side of the appellants' premises and ex-

tends to the front thereof on Lancaster Avenue. All of the properties involved extend southwardly from Lancaster Avenue about 200 feet to what is now School Lane, a public street. Prior to 1949, however, there was a 10-foot alley (hereinafter rear alley) which ran along the rear of all the properties and connected with the side alley, which in turn connected with Lancaster Avenue, on which all the respective properties fronted. At one time, these two alleys together provided the only means of egress and ingress to and from the rear of the respective properties and Lancaster Avenue.

Both of these alleys had their genesis as easements by virtue of a 1904 deed which provides as follows: "Together with the free and common use, right, liberty and privilege of said 10 feet wide alley or roadway leading westward and communicating with another 10 feet wide alley or roadway leading northward along the east line of land of A. Lienhardt into Lancaster Avenue in common with the owners or occupiers of lots abutting thereon on the north and east."

In 1949, the owners of all the premises on which the 10-foot wide rear alley abutted conveyed by deed of dedication to the Township of Radnor their interest therein as well as ten additional feet from the rear of their premises to be used as a public road. Radnor Township intervened in these proceedings contending that, since it had acquired the rear alley, it had the right to the use of the side alley also because the grant of the right of way to the township implied a conveyance of that easement also. The court below took testimony and made findings of fact among which was the finding that the side alley had been openly used for the past 50 years by members of the public as well as by the dominant and servient tenements. It ruled that the Township of Radnor, by the above referred to deed of dedication, as a grantee of a portion

of the premises of the several dominant tenements, obtained the same rights as its grantors had in the side alley. It then further ruled that the township acquired a right "on behalf of the public" to use the side alley and that, as a consequence, the township was responsible for its maintenance. There was no finding by the court below that the use by the public was adverse. Indeed, during the hearing, counsel for the township expressed doubt that any public prescriptive right in the side alley could be shown. Yet the effect of the judgment entered below was the creation of an easement of public use in a private alley.

In our opinion, the deed of dedication to Radnor Township did not operate to confer upon the general public an easement to use the side alley. That easement was appurtenant to the particular premises of the grantors in the deed of dedication and was limited to those named in the deed creating the easement and those having occasion to visit them. *McDermott v. Reiter,* 279 Pa. 545, 124 A. 187 (1924), and *Percy A. Brown & Co. v. Raub,* 357 Pa. 271, 54 A. 2d 35 (1947). An easement appurtenant, of course, is assignable and divisible as the dominant tenement may be divided and transferred and the owner of any part of the dominant tenement may claim the easement, *provided the easement can be enjoyed as to the separate parcels without additional burden. Rusciolelli v. Smith,* 195 Pa. Superior Ct. 562, 171 A. 2d 802 (1961), and 25 Am. Jur. 2d, Easements §96 (1966).

Therefore, even if the deed of dedication be construed as transferring to the township an easement to the side alley as an appurtenance to the right of way granted by the property owners along the rear of their properties, the easement so acquired by the township is limited to use by the township for the purposes for which the original easement was created. That purpose

was access to the dominant tenements to the rear of their properties by way of the side alley. To give the general public through the medium of the township the right to use the alley for any and all purposes would greatly increase the burden of the easement upon the servient tenement. Hence, the lower court erred in decreeing that the township acquired a right "on behalf of the public" to use the side alley by virtue of the deed of dedication.

However, if appellants or their predecessors in title have permitted the public to adversely and continuously use the side alley for more than 21 years, they may have made it a public right of way as effectively as if it had been laid out by the proper authorities. *Wampler v. Shenk*, 404 Pa. 395, 172 A. 2d 313 (1961). This, however, raises an issue of a public prescriptive right arising out of public adverse user. This issue was not squarely faced at the hearing by the parties nor directly passed upon by the court below. In the absence of a finding by the court below as to whether the use by the public was adverse or not, we cannot pass on this question. In addition, a declaratory judgment proceeding does not lie to determine whether or not the public has acquired an easement by prescription especially where such determination will involve disputed questions of fact. A declaratory judgment should not be entertained where there is a dispute of facts. *Mains v. Fulton*, 423 Pa. 520, 224 A. 2d 195 (1966). Also an action for declaratory judgment is not an optional substitute for established, available and appropriate remedies and should not be entertained if another available and appropriate remedy exists. *Greenberg v. Blumberg*, 416 Pa. 226, 206 A. 2d 16 (1965); *Lakeland Joint School District Authority v. Scott Township School District*, 414 Pa. 451, 200 A. 2d 748 (1964). It is clear to us that another

such remedy exists to resolve the issue presented by this case. Hence, an action in declaratory judgment does not lie.

Judgment vacated and proceedings are dismissed.

---

CONCURRING OPINION BY MR. JUSTICE JONES:

I agree with the majority opinion save that portion thereof which deals with the availability of declaratory judgment as a remedy to try the issues raised in this controversy.

There being a dispute of facts present in this litigation, I would agree that declaratory judgment will not lie. However, the majority opinion states: "Also an action for declaratory judgment is not an optional substitute for established, available and appropriate remedies and should not be entertained if another available and appropriate remedy exists." With that statement, I thoroughly disagree. My reasons are fully stated in *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518 (1961). While *Johnson* has since been overruled, I still maintain the position I took in *Johnson* that only the existence of a *statutory* remedy will bar declaratory judgment.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

Here and in *Hankin v. Goodman,* 432 Pa. 98, 246 A. 2d 658 (1968), the majority has assumed the role of counsel to the litigants and gives advisory opinions. If the majority in *Bierkamp* is of the opinion that an action in declaratory judgment does not lie, the judgment should be vacated and proceedings dismissed without further discussion. The same is true in *Hankin v. Goodman.* There the record does not disclose that a final decree has been entered. Hence, litigants have no right to appellate review. Again the majority con-

siders the merits to "give the parties the benefit of our thinking"—a purely advisory dissertation.

In *Bierkamp* I join only in that part of the opinion that vacates the judgment and in *Hankin* I join only in the order quashing the appeal.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In my view, when the township acquired the rights of the several abutting property holders in the rear alley, it obtained at the same time the rights which those property owners had in the side alley. Apparently each abutting property owner held a fee interest in that part of the rear alley that crossed his tract and an easement of passage over the rest.* The township, by acquiring all these interests, plus ten additional feet, obtained a fee interest in the rear alley and in what had been the rear of the former owners' premises. The easement over the side alley was appurtenant to those property interests, for the side alley was necessary for access from Lancaster Avenue to the rear alley.

Appellants contend, and the majority agrees, that the township may not use the side alley as a public thoroughfare because of the greatly increased burden this would put on appellants, the owner of the servient estate. At the outset, this is not the type of use that we have considered to be a sufficient additional burden to prevent the continued use of an easement. Here there is no qualitative change in the use of the easement. The alley has been used by public pedestrian traffic in the past, and it will continue to be so used in the future. There is no indication that this traffic will increase to any appreciable extent if the alley is officially designated as a public way, and there is cer-

---

* There is no indication that the fee interest in the alley remained in anyone other than the several property holders.

tainly no indication that a greatly increased burden on appellants would result. Easement grants are construed in favor of the grantee, and on this theory, even changes in use that clearly are qualitative have been upheld. See *Taylor v. Heffner*, 359 Pa. 157, 58 A. 2d 450 (1948) (use of road by horse and wagon in cement and feed business changed to use by trucks for hauling of coal); *Garan v. Bender*, 357 Pa. 487, 55 A. 2d 353 (1947) (use of cemetery access road by pedestrians changed to use by automobiles).

The majority reasons that the easement's use is restricted to the original purposes for which it was created: access to the rear of the dominant properties by way of the alley. The township now has become the owner of the rear property, however, and it merely wishes to do exactly what was done before—provide access to it through the side alley for those who might use it, namely, its citizens.

Appellants' unreasonable burden claim is particularly weak in light of the fact that appellants were themselves holders of part of the easement over the rear alley. They conveyed their interest therein to the township, presumably knowing that the township intended to use the rear alley, and the additional ten feet which each owner conveyed, for a public street. Since the easement in the side alley was concededly appurtenant to the rear alley, it is logical to assume that appellants realized that the side alley would also be used for a public way. It makes little sense to maintain that the easement is limited to its original use when the owner of the servient property joined in the conveyance that permitted the new use with full knowledge of what was transpiring.

I dissent.