## C. H. Pitt Corporation v. Insurance Company of North America, Appellant.

382

Argued May 27, 1969. Before Bell, C. J., Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert A. Doyle,* with him *Duff, Grogan & Doyle,* for appellant.

*Ralph H. German,* with him *William S. Smith,* and *Houston, Cooper, Speer & German,* for appellee.

Opinion by Mr. Justice Eagen, October 9, 1969:

C. H. Pitt Corporation (Pitt) owns and operates the Carlton House Hotel, which is situate on land abutting on part of Court Place, Sixth Avenue, Bigelow Boulevard and Grant Street in the City of Pittsburgh. Pitt is the named insured in a comprehensive liability insurance policy issued by the Insurance Company of North America (I.N.A.). In this policy the insurer agreed to pay to the insured all sums which it became "legally obligated to pay as damages because of personal injury . . . or destruction of tangible property . . . caused by an occurrence[1] . . . arising out of the ownership, maintenance or use of the premises . . . and all operations necessary or incidental thereto." The policy defined "premises" as the hotel building "and includes the ways immediately adjoin-

---

[1] "Occurrence" is defined in the policy to mean accident.

ing on land." The policy specifically provided that coverage did not apply: "1. To liability assumed by the Insured under any contract or agreement. . . . 3. . . . to the ownership, maintenance, operation, use, loading or unloading of: . . . (b) automobiles if the occurrence or accident takes place away from such premises or the ways immediately adjoining."

On June 13, 1966, while said policy was in force, Mrs. Gloria F. Pifer parked an automobile equipped with paraplegic controls at or near the Bigelow Boulevard entrance to the hotel. She left the keys in the automobile and notified the doorman, Grover Lee Johnson, that she was about to enter the hotel to visit a guest and would remain there for approximately one hour. About two hours later when Mrs. Pifer had not returned, Johnson entered the automobile and began to operate it to provide space for the movement of another vehicle. After he activated the ignition system and shifted the gear selector arm into "reverse", the automobile jumped backward at a high rate of speed across the cartway of Bigelow Boulevard and continued at a high rate of speed "across the cartway of Grant Street." Although Johnson stepped on the brake, the automobile continued moving and collided with the front end of an automobile operated by Ralph Stock.

After this collision, both automobiles came to rest. Thereafter, Johnson shifted the gear arm to the "drive" position without touching the accelerator and the Pifer automobile immediately proceeded forward at a high rate of speed in a southbound direction on the left-hand side of Grant Street for about two blocks, where it collided with an automobile owned by the City of Pittsburgh and occupied by two city policemen. This collision drove the police vehicle into an automobile owned and operated by Edward Heintz.

Subsequently, the two policemen sued Pitt in the Court of Common Pleas of Allegheny County to recover damages for personal injuries. Heintz and his wife, residents of Chicago, Illinois, instituted an action against Pitt in the United States District Court for the Western District of Pennsylvania to recover for personal injury and property damage.

I.N.A. was notified of the claims, but denied coverage. Pitt then filed a petition in the Court of Common Pleas of Allegheny County seeking a declaratory judgment (1) that under the terms of the policy, it was insured against loss resulting from the claims, outoutlined before; and (2) that I.N.A. was legally obliged to defend the suits arising out of these claims. I.N.A. filed an "Answer Raising Questions of Law" contending that proceedings for a declaratory judgment did not lie. The court ruled that such proceedings were proper and dismissed legal objections thereto. I.N.A. then filed an "Answer on the Merits." Later the case was called for trial before a judge, sitting without a jury, where some testimony was taken, but most of the facts were stipulated of record by the parties.[2] In the stipulation, the parties did not agree (1) as to the exact location of the Stock automobile when it was hit by the Pifer automobile (they did agree, however, that the collision "did not take place on the premises of the hotel"); (2) whether or not Johnson was acting within the scope of his employment while operating the Pifer automobile; (3) as to the specific manner in which the Stock automobile, the police car and the Heintz automobile were operated at the relevant time; and (4) that Johnson's operation of the Pifer automobile was the legal cause of the collisions.

---

[2] The facts, related before, were stipulated by the parties.

Later the court entered a declaratory judgment in favor of Pitt. In its final decree, the court agreed with its previously filed opinion, overruling legal objections to the proceedings, wherein it stated, inter alia, that "this court is not persuaded that the unbending rule in Pennsylvania is that declaratory judgments will never be issued where there is a controversy over facts." It also ruled that coverage existed under the policy because the "accident did take place on a 'way' immediately adjoining the Carlton House Hotel because the critical events which precipitated the accident took place on the street immediately in front of the hotel." I.N.A. filed this appeal.

In its conclusion that a declaratory judgment will lie even though there is a dispute as to relevant facts, the lower court was in error. *Loftus v. City of Carbondale*, 435 Pa. 288, 256 A. 2d 799 (1969); *Bierkamp v. Rubinstein*, 432 Pa. 89, 246 A. 2d 654 (1968); and *Mains v. Fulton*, 423 Pa. 520, 224 A. 2d 195 (1966). But, argues Pitt, all facts necessary to the determination of coverage were included in the stipulation of the parties and the facts in dispute were not required for a decision of this issue. Even assuming this to be so, still the proceeding did not lie.

A declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy. *Bierkamp v. Rubinstein,* supra; *Mains v. Fulton,* supra. Here a more appropriate established remedy is available to protect fully the rights of all involved. If the insurance company is in violation of its contract, an adequate remedy at law exists whereby any and all resulting loss can be recovered.

Judgment vacated and proceedings dismissed.

Mr. Justice POMEROY dissents.

Mr. Justice JONES did not participate in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I believe that the entertaining of declaratory judgment proceedings was properly for the discretion of the trial judge, and therefore I dissent.

It is an ongoing source of amazement to me that a majority of this Court can continue to ignore the *explicit language* of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, §6, as amended, 12 P.S. §836, which should control this case. That statute provides in no uncertain terms that the availability of other relief, legal or equitable, "shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present. . . ." See *Sheldrake Estate,* 416 Pa. 551, 554-57, 207 A. 2d 802, 803-04 (1965) (dissenting opinion). In the face of this explicit statutory language, the majority almost incredibly continues to state that "a declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy." The majority thus stubbornly clings to what it apparently sees as a veto power over declaratory judgment legislation. I can no more accept this over-reaching of judicial power here than I could in *Sheldrake.*

Since the only issues of fact in this case are irrelevant to the determination of the question presented by the declaratory judgment suit, I believe that a declaratory judgment does lie. Although it would have been within the discretion of the trial judge to refuse to entertain declaratory judgment proceedings, see *Harleysville Mut. Ins. Co. v. P.T.C.,* 435 Pa. 316, 255 A. 2d 516 (1969) (concurring opinion), he was not required to do so, and I would affirm his decision.