Opinion by
Spaulding, J.,
Appellant Andreas Friestad appeals from the dismissal of his declaratory judgment action by the Court of Common Pleas of Mercer County.
On August 19, 1957, Chauncey and Anne Thompson purchased a heating system from Sears, Roebuck and Company. Sears contracted with appellant to install the furnace. Subsequently, a fire occurred, de *560 stroying the Thompson home. The Thompsons brought suit against Sears[1] for defective manufacture and/or defective installation of the heating system. After a jury trial, they were awarded a verdict of $20,000.00, which Sears has paid.
Sears has filed suit against appellant seeking indemnification in the amount of $30,806.92, representing the verdict paid to the Thompsons and the costs and legal fees from their lawsuit. Appellant is insured by appellee and has demanded that appellee handle defense of the indemnity suit brought by Sears. Appellee has refused to do so, contending that its covenant to defend appellant is not applicable since the policy does not cover appellant for the type of loss involved here. Appellant filed a petition for declaratory judgment to determine whether there is coverage under the policy. Appellee filed an answer raising questions of law, pursuant to the Act of May 22, 1935, P. L. 228, §5, 12 P.S. §851, permitting such an answer. After a hearing, the court below dismissed the petition, stating:
“The Uniform Declaratory Judgments Act provided in part at 12 P.S. 886 that the Court may permit a declaratory judgment procedure even though other forms of relief are available, but the Supreme Court of Pennsylvania has persisted in ruling that a declaratory judgment should not be allowed if there is another available remedy.
“We believe that the cases from the Supreme Court are consistent and we must follow that ruling.”
The lower court correctly decided this case in light of the present state of Pennsylvania law. Our Supreme Court has steadfastly clung to the so-called “McWil *561 liams Rule”,[2] which holds that: “A declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy.” C. H. Pitt Corp. v. Ins. Co. of North Amer., 435 Pa. 381, 385, 257 A. 2d 857 (1969); Bierkamp v. Rubinstein, 432 Pa. 89, 246 A. 2d 654 (1968).
However, the Supreme Court’s holdings have been far from unanimous, prompting the following comment: “. . . The McWilliams Rule stands today on the shakiest of foundations. Four of the [then] present Court Justices, Jones, Cohen, Roberts and Pomeroy, have at one time or another jointly or separately disagreed with McWilliams. The odds seem at least even for a reversal... , if and when the question is directly presented to the present Court.” Philip W. Amram, A Look at Declaratory Judgments in Pennsylvania Today, 41 Pa. Bar Quarterly 384, 388 (1970). The instant case presents such a direct challenge to McWilliams and we urge the present Court to reconsider that decision.[3]
We believe the better view on this issue is stated by Mr. Justice Roberts’ dissenting opinion in C. H. Pitt, supra at 386: “It is an ongoing source of amazement to me that a majority of this Court can continue to ignore the explicit language of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, §6, as *562 amended, 12 P.S. §836, .... That statute provides in no uncertain terms that the availability of other relief, legal or equitable, ‘shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present . . . .’ [Citation omitted] In the face of this explicit statutory language, the majority almost incredibly continues to state that ‘a declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy.’ The majority thus stubbornly clings to what it apparently sees as a veto power over declaratory judgment legislation.”
Since the decision of the court below comports with the present law as determined by the Supreme Court, we affirm their order.

 Chauncey and Anne Marie Thompson v. Bears, Roebuck and Company, No. 115, September Term, 1968 (Mercer County).

 Propounded in McWilliams v. McCabe, 406 Pa. 644, 179 A. 2d 222 (1962).

 Although not raised by either party or the court below, another issue, which might support the decision of the court below, is whether a declaratory judgment is proper, even were McWilliams reversed, due to appellant’s failure to join Sears as a party. See 11 P.L.E. Declaratory Judgments §14 (Parties) ; Ins. Co. of the State of Pa. v. Lumbermens Mut. Cas. Co., 405 Pa. 613, 177 A. 2d 94 (1962). But see C. H. Pitt Corp. v. Ins. Co. of North Amer., 115 P.L.J. 173 (Allegheny County), reversed on other grounds, 435 Pa. 381, 257 A. 2d 857 (1969).