Liberty Mutual Insurance Company, Appellant, *v.*
S. G. S. Company.

*Jeffery Charles Hayes,* with him *Edward W. Madeira, Jr.,* and *Pepper, Hamilton & Scheetz,* for appellant.

*Harry P. Begier, Jr.,* with him *Orlofsky, Cozen and Begier,* for appellees.

OPINION BY CERCONE, J., March 27, 1973:

This case comes to us on appeal by plaintiff insurer, Liberty Mutual Insurance Company (Liberty Mutual), from an order of the lower court dismissing its petition for declaratory judgment, which petition was based on plaintiff Liberty Mutual's contention that it had no duty to defend its insured, S. G. S. Company (SGS) against claims in two trespass actions brought by tenants and the owner of the building (Third Parties) arising out of a fire on the SGS premises.

This matter is premised on a comprehensive general liability insurance policy entered into between plaintiff insurer, Liberty Mutual, and its insured, SGS, covering SGS premises. In the policy SGS agreed to notify Liberty Mutual in writing as soon as practicable of every accident (in this case fire) happening on the premises and to immediately forward notice of claims or suits brought against SGS. During the time the policy was in effect, a fire occurred on the SGS premises which resulted in the lawsuits by the Third Parties. Liberty Mutual, the insurer, refused to defend SGS on the ground that SGS failed to give timely notice of the fire and the lawsuits as required by the terms of the policy. On this basis, Liberty Mutual filed its petition for declaratory judgment against SGS and the Third Parties seeking a declaration by the court on that issue.

In its petition for declaratory judgment Liberty Mutual alleged that the fire took place on June 22, 1968, that SGS had knowledge of the fire immediately after it happened, and yet, failed to notify Liberty Mutual until December 30, 1968, more than six months

later, when it also notified Liberty Mutual of one of the trespass actions brought against it.

The Third Parties filed an answer to Liberty Mutual's petition and upon their motion the lower court entered an order dismissing the petition, and thus, this appeal by plaintiff, Liberty Mutual.

SGS, the insured, having been officially and legally dissolved, went out of business without assets. It filed no answer to Liberty Mutual's petition for declaratory judgment. As the lower court observed: "Obviously if the insured fails to defend the various actions arising out of the fire, plaintiff will be subject to a series of suits for defaulted judgments or for damages for breach of duty to defend."

A determination by the lower court, in a declaratory judgment proceeding, of a disputed issue of fact concerning whether SGS, the insured, gave proper notice of the fire and lawsuits under the terms of the policy, is a comparatively simple matter that can be disposed of in that one proceeding, and would eliminate the necessity of deciding the same question in several garnishment proceedings or third party beneficiary actions against Liberty Mutual available to the Third Parties in this case in light of SGS's bankruptcy and lack of defense. There is no question that a declaratory judgment proceeding would eliminate a multiplicity of suits; resolve in one action, with all the parties present, the disputed issue of fact pertaining to notice; and give plaintiff Liberty Mutual the right to an affirmative action to resolve the matter of its obligation to defend in the trespass actions rather than to be put to costly defensive actions where it must await the choice of time and method of remedy by the Third Parties. We can readily understand that if an existing and appropriate remedy were available between Liberty Mutual and SGS, the contracting parties to the insurance policy, the question of notice could be decided between

them in that one proceeding. But, where as here, several lawsuits are likely necessary to determine this question, the burden of expense to the parties and the unnecessary expenditure of court time dictate the logic of one proceeding wherein the rights and obligations of all the parties related to the action can be determined.

Section 9 of the Pennsylvania Uniform Declaratory Judgments Act,[1] which has had a rather uncertain history,[2] and Section 6 of the 1935 Amendment specifically provide for the settlement of issues of fact by jury and non-jury trials. Section 6 of the Act specifically provides that the existence of an alternate common law or equitable remedy shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present. Essential requirements have been held to be the presence of an actual and existing controversy between contending parties and the fact that the judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceedings: *Loftus v. Carbondale*, 435 Pa. 288 (1969); *Bierkamp v. Rubinstein*, 432 Pa. 89 (1968); *Mains v. Fulton*, 423 Pa. 520 (1966); *Capital Bank & Trust Company's Petition*, 336 Pa. 108, 111 (1939).

It can be seen, therefore, that we would readily hold that an action for declaratory judgment should be available in this case. However, we are bound by precedent, and the Pennsylvania Supreme Court, which in its decisions has alternately adopted and then rejected por-

---

[1] Act of June 18, 1923, P. L. 840, §1 et seq., as amended and supplemented, 12 P.S. §831 et seq.

[2] See article by Philip Werner Amram, "A Look at the Declaratory Judgments Act in Pennsylvania Today", a brief historical discussion of the Act in which the author points out the alternate adoption and rejection of certain provisions of the Act by the Supreme Court of Pennsylvania, 41 Pa. B.A.Q. 384 (1970).

tions of the Declaratory Judgments Act,[3] has in its most recent pronouncements set forth the following two procedural barriers to declaratory judgment proceedings: (1) There can be no declaratory judgment if there is any other remedy, statutory or non-statutory, available: *C. H. Pitt Corp. v. I.N.A.*, 435 Pa. 381 (1969); (2) There can be no declaratory judgment if there is a disputed issue of fact in the case: *C. H. Pitt Corp.*, supra, and *Loftus v. City of Carbondale*, supra. In this case there are other methods, though not as expeditious, by which the insurance company can test its duties under the insurance policy. There are also disputed issues of fact, such as whether or not notice was given within the terms of the policy. It is therefore with the same reluctance experienced by the lower court that we find it necessary to hold that a declaratory judgment action cannot be entertained.

Judgment affirmed.

---

CONCURRING OPINION BY SPAULDING, J.:

I concur in Judge CERCONE'S opinion affirming the order of the lower court and additionally note the similar reasoning expressed in our recent opinion in *Friestad v. Travelers Indemnity Company*, 222 Pa. Superior Ct. 559, 295 A. 2d 135 (1972). I feel compelled, however, to once again urge the Supreme Court to reconsider the holding on which these decisions are based.

"Our Supreme Court has steadfastly clung to the so-called 'McWilliams Rule',[1] which holds that: 'A declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy.' C. H. Pitt Corp. v. Ins. Co. of North

---

[3] Beginning with the first case decided after the passage of the Act. *Kariher's Petition*, 284 Pa. 455 (1925).

[1] Propounded in *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962).

Amer., 435 Pa. 381, 385, 257 A. 2d 857 (1969); Bierkamp v. Rubinstein, 432 Pa. 89, 246 A. 2d 654 (1968)." *Friestad, id.* at 560-61. As noted in Mr. Justice Robert's dissenting opinion in *C. H. Pitt,* supra, at 386, this holding ignores "the *explicit language* of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, §6, as amended, 12 P.S. §836, . . . [providing] that the availability of other relief, legal or equitable, 'shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present. . . .' [Citation omitted.]" The Supreme Court's holdings, therefore, continue to directly countervene the effective operation of Pennsylvania's declaratory judgment legislation, and I urge the present Court to reconsider the issue.