## Charter Oak Fire Insurance Company v. Del Vacchio

*Robert J. Murphy*, for petitioner.

*Jeffrey B. Albert* and *Robert W. Beatty*, contra.

WRIGHT, J., May 3, 1973.—On August 21, 1971, defendant, Michael Del Vacchio, was a passenger in a vehicle operated by one Francis LaCova. An accident occurred when LaCova's vehicle allegedly collided with a fire truck owned by the Borough of Bellmawr, N. J. Defendant, Michael Del Vacchio, through his father, defendant Anthony Del Vacchio, claims that the LaCova vehicle was not insured and they now have submitted an uninsured motorist claim against their own carrier, Charter Oak Fire Insurance Company, plaintiff herein. Plaintiff has filed, in the action now the subject of this opinion, a petition for declaratory judgment, seeking to have this court decide the rights and liabilities of the parties, under the insurance contract, as they pertain to this accident.

Plaintiff's petition for declaratory judgment was

filed in this court on October 11, 1972. It alleges, in pertinent part, that plaintiff and defendants, Del Vacchios, were parties to an insurance contract providing "uninsured motorist" coverage, but that the LaCova vehicle was insured, without naming the insurance carrier, and that the Borough of Bellmawr was similarly insured with defendant, General Accident Fire and Life Assurance Corporation, Ltd. Additionally, it is alleged that plaintiff has declined to provide uninsured motorist coverage in response to the claim of defendants, Anthony and Michael Del Vacchio.

An answer and motion to dismiss was filed on behalf of defendants, Anthony and Michael Del Vacchio, on November 3, 1972, in response to plaintiff's petition. A similar answer and motion to dismiss was filed on November 30, 1972, by defendant, General Accident. Plaintiff has filed preliminary objections to the answer and motion to dismiss as filed by defendants. In essence, plaintiff's preliminary objections raise the following issue: Have defendants waived their right to preliminarily question the court's jurisdiction over this matter by filing their answer simultaneously with their motion to dismiss?

There is no dispute between plaintiff and defendants, Del Vacchios, that the contract of insurance that exists between them covers defendants with protection against uninsured motorists. This coverage is contained within part III of the insurance contract. The contract also provides, under condition 12, for arbitration and it is to be invoked whenever a "person making claim under part III and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured . . . then, upon written demand of either, the matter

. . . shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . ." Defendants, Del Vacchios, have decided to place this matter before the American Arbitration Association, claiming that LaCova was uninsured and was responsible for the accident giving rise to bodily injury upon the person of Michael Del Vacchio. This court agrees that the matter should be brought before the American Arbitration Association.

The action for declaratory judgment is not to be used as an optional substitute for established, available and appropriate remedies. It should not be entertained by a court if other available and appropriate remedies exist: Havertown Savings & Loan Assn. v. Commonwealth, 3 Comm. Ct. 266 (1971); Bierkamp v. Rubinstein, 432 Pa. 89 (1968); Greenberg v. Blumberg, 416 Pa. 226 (1965); Cardell Co. v. Western Union Telegraph Co., 53 D. & C. 2d 127 (1971); Ellis Estate, 48 D. & C. 2d 588 (1970). Additionally, it matters not that the other available and appropriate remedies are or are not statutory. See, for example, Havertown, supra, where the court directed the parties to exhaust their administrative remedies before seeking a remedy in court, or Ellis, supra, wherein the court cited Mohney Estate, 416 Pa. 107 (1964), indicating that declaratory judgment proceedings should not be entertained " 'If there exists another available and appropriate remedy, whether statutory or not.' "

This court does not agree with plaintiff that the filing of defendants' answer simultaneously with the motion to dismiss vests the court with jurisdiction. One has only to read the many cases which hold that the granting of a petition for declaratory judgment is a matter lying within the sound discretion of the court of original jurisdiction. See, for example, Greenberg, supra, and Abrams v. Colonial Life Ins. Co.,

39 D. & C. 2d 393 (1966). In Greenberg, both parties had accepted the court's jurisdiction, and on appellate review it was found that this fact was not controlling; i.e., the question relative to the availability of such an action was still determinable by such appellate court.

This court is of the opinion that the arbitration clause of the insurance contract should control and that the parties under the contract should be required to do that which they have agreed to do, which is submit the matter to the American Arbitration Association.

The preliminary objections in the form of a motion to dismiss must be sustained.

## ORDER

And now, May 3, 1973, after oral argument before the court and upon consideration of the briefs of counsel, defendants' (Anthony Del Vacchio, Michael Del Vacchio, and General Accident Fire and Life Assurance Corporation, Ltd.) preliminary objections in the form of a motion to dismiss plaintiff's petition for a declaratory judgment are sustained, and plaintiff's petition is dismissed.