## Friestad, Appellant, *v.* Travelers Indemnity Company.

Argued March 12, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Henry E. Sewinsky,* with him *Anthony Perfilio,* and *Rodgers, Marks, Irwin & Perfilio,* for appellant.

*P. Raymond Bartholomew,* with him *Martin E. Cusick,* and *Cusick, Madden, Joyce & McKay,* for appellee.

*Robert E. Jamison,* with him *Jamison & Jones,* for intervenor.

OPINION BY MR. CHIEF JUSTICE JONES, July 2, 1973:

Chauncey and Anne Thompson purchased a heating system from Sears, Roebuck and Company ("Sears") in August 1957. Sears contracted with the Superior Heating Company ("Superior") to install the system. After installation, a fire destroyed the Thompson home.

The Thompsons sued Sears and recovered $20,000. Sears paid the judgment and proceeded against Superior for the amount of the judgment plus costs and legal fees associated with its defense of the Thompson claim.[1] Superior is insured by the Travelers Indemnity Company ("Travelers"). Pursuant to its policy, Superior demanded that Travelers defend the Sears indemnity action, but Travelers denied coverage. On March 18, 1971, Superior filed a petition for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act, Act of June 18, 1923, P. L. 840, §§1-16, *as amended,* 12 P.S. §§831-846, and its supplementary provisions, Act of May 22, 1935, P. L. 228, §§1-7, *as amended,* 12 P.S. §§847-853. Superior, by its petition, asked that the lower court construe the Superior-Travelers policy of insurance to determine the extent of Travelers' obligation. The lower court dismissed the petition for declaratory judgment on August 13, 1971, on grounds that another available remedy existed, and the Superior Court affirmed the order of dismissal.[2] 222 Pa. Superior Ct. 559, 295 A. 2d 135 (1972). We granted allocatur and agreed to consolidate this appeal with Sears' petition to intervene.[3]

In view of our decision here remanding this matter to the lower court, we need not pass upon the Sears petition to intervene at this time. Instead, Sears' intervention in these proceedings will be considered when and if the petition to intervene is presented in the court below.

Our primary concern in this appeal is the application of Section 6 of the Uniform Declaratory Judg-

---

[1] Sears seeks indemnification in the amount of $30,806.92.

[2] Judge SPAULDING spoke for the majority of the Court; former Judge PACKEL wrote a concurring opinion.

[3] Sears presents its petition to intervene to this Court without a previous attempt at intervention below.

ments Act: "Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or privilege upon the determination of any tax imposed or to be imposed by any taxing authority . . . and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. *Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present. . . .*" Act of June 18, 1923, P. L. 840, §6, *as amended,* 12 P.S. §836. (Emphasis added). The controversy before us presents the question whether the legislature, by enacting Section 6 of the Act, intended the declaratory judgment to be an *optional* or *extraordinary* remedy. As applied to this case, the narrow issue is whether Superior can avail itself of a prior adjudi-

cation of Travelers' obligation under its policy of insurance, or whether Superior must defend the indemnity action, and, thereafter, proceed against Travelers in assumpsit to recover damages and costs paid out in defending the action by Sears.[4]

The legislature adopted the Uniform Declaratory Judgments Act as a "remedial" statute intended to be "liberally construed and administered" for the purpose of settling "uncertainty and insecurity with respect to rights, status, and other legal relations. . . ."[5] Despite this mandate, and notwithstanding the *clear* and *explicit* legislative intent to make declaratory judgments available though "the threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy," many of our decisions have held that a de-

---

[4] The sole basis for the decision of the lower court was that "[a] declaratory judgment proceeding should not be entertained if there exists another established and appropriate remedy." *C. H. Pitt Corp. v. Insurance Co. of North America*, 435 Pa. 381, 385, 257 A. 2d 857, 860 (1969). Appellee also alleges that declaratory relief should not lie where, as here, there is a dispute as to the facts. Without passing upon this question, we note that the only "factual" dispute in the present case is the existence or non-existence of coverage, a dispute which is really a legal question to be properly considered by the court below in the rendering of its declaratory judgment.

We must assume, as do the parties and the court below, that the only claimed impediment to jurisdiction under the Uniform Declaratory Judgments Act is the availability of another remedy. Though the Superior Court sua sponte raised the question of the necessity to join Sears as a necessary party, and Sears has petitioned this Court to intervene, the question of whether the failure to join Sears as a necessary party precludes the right to a declaratory judgment was not raised as an objection to the exercise of jurisdiction under the act in the court below, and we will not consider it here.

[5] Act of June 18, 1923, P. L. 840, §12, 12 P.S. §842.

claratory judgment proceeding would not lie if there existed another available remedy.[6]

To the extent that these decisions rest upon the view that the Uniform Declaratory Judgments Act provides extraordinary relief which may only be invoked in the absence of another available remedy,—whether statutory or non-statutory—they are disavowed.

The setting for our decision in this case is a history of judicial vacillation spanning five decades. Chief Justice VON MOSCHZISKER, writing for the majority of the Court in *Kariher's Petition (No. 1)* in 1925, first spoke to the issue of whether the availability of an alternative remedy would preclude relief under the Uniform Declaratory Judgments Act: "[a] proceeding to obtain [a declaratory judgment] will not be entertained where ... another statutory remedy has been *specially provided* for the character of case in hand. . . ." 284 Pa. 455, 471, 131 A. 265, 271 (1925) (Emphasis added). The opinion of Chief Justice VON MOSCHZISKER was consonant with the express language of the Act. That is, the

---

[6] *C. H. Pitt Corp. v. Insurance Co. of North America*, 435 Pa. 381, 257 A. 2d 857 (1969) ; *Loftus v. City of Carbondale*, 435 Pa. 288, 256 A. 2d 799 (1969) ; *Bierkamp v. Rubinstein*, 432 Pa. 89, 246 A. 2d 654 (1968) ; *Port Authority of Allegheny Co. v. Amalgamated Transit Union*, 430 Pa. 514, 243 A. 2d 433 (1968) ; *Mains v. Fulton*, 423 Pa. 520, 224 A. 2d 195 (1966) ; *Sheldrake Estate*, 416 Pa. 551, 207 A. 2d 802 (1965) ; *Greenberg v. Blumberg*, 416 Pa. 226, 206 A. 2d 16 (1965) ; *Mohney Estate*, 416 Pa. 107, 204 A. 2d 916 (1964) ; *State Farm Mutual Insurance Co. v. Semple*, 407 Pa. 572, 180 A. 2d 925 (1962) ; *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962) ; *Wirkman v. Wirkman*, 392 Pa. 63, 139 A. 2d 658 (1958) ; *Stofflet and Tillotson v. Chester Housing Authority*, 346 Pa. 574, 31 A. 2d 274 (1943) ; *Bell Telephone Co. of Pennsylvania v. Lewis*, 313 Pa. 374, 169 A. 571 (1934) ; *Nesbitt v. Manufacturers' Casualty Insurance Co.*, 310 Pa. 374, 165 A. 403 (1933) ; *Sterrett's Estate*, 300 Pa. 116, 150 A. 159 (1930) ; *Taylor v. Haverford Township*, 299 Pa. 402, 149 A. 639 (1930) ; *Ladner v. Siegel*, 294 Pa. 368, 144 A. 274 (1928) ; *Leafgreen v. La Bar*, 293 Pa. 263, 142 A. 224 (1928).

existence of another remedy, no matter how properly suited to a disposition of the issue upon which a declaratory judgment is sought, will not preclude a declaratory judgment proceeding unless the alternative remedy was specially provided by legislative act to dispose of a statutorily specified class of cases.

Unfortunately, the cases which followed in time the decision in *Kariher's Petition (No. 1)* engrafted upon the Act a judicially created rule that the declaratory judgment is an extraordinary remedy available only in the absence of an alternative remedy in law or equity. *See Bell Telephone Co. of Pennsylvania v. Lewis,* 313 Pa. 374, 169 A. 571 (1934) ; *Nesbitt v. Manufacturers' Casualty Insurance Co.,* 310 Pa. 374, 165 A. 403 (1933) ; *Sterrett's Estate,* 300 Pa. 116, 150 A. 159 (1930).[7]

In 1943, the legislature responded to this Court's indifference to the plain meaning of Section 6 : it enacted an amendment intended to remove any possible ambiguity in the Act's language in order to ensure that a declaratory judgment would lie even where an alternative remedy existed. Act of May 26, 1943, P. L. 645, §1. Since the 1943 amendment, this Court has shifted its position on at least four occasions on the question of whether entitlement to declaratory relief is optional or extraordinary.

In *Philadelphia Manufacturers Mutual Fire Insurance Co. v. Rose,* 364 Pa. 15, 70 A. 2d 316 (1950), the

---

[7] When Chief Justice von MOSCHZISKER failed to persuade his colleagues that they should adhere to the rule in *Kariher's Petition (No. 1),* he appealed to the legislature to amend Section 6 of the Act to clarify its language permitting an optional, rather than extraordinary, application of declaratory judgment proceedings. Section 6 was amended, Act of April 25, 1935, P. L. 72, §1, but the extraordinary remedy view of the Act was preserved. *Stofflet and Tillotson v. Chester Housing Authority,* 346 Pa. 574, 31 A. 2d 274 (1943). *See* P. Amram, *A Look at Declaratory Judgments in Pennsylvania Today,* 41 Pa. Bar Ass'n Quarterly 384 (1970).

legislative mandate was heeded. The Court held that the legislature, by its 1943 amendment, "provided that neither the fact that the defendant might have pursued his 'general common law remedy' by suing in assumpsit, nor the fact that plaintiff might have used an 'equitable remedy' to reform the policy" could debar a party from the privilege of a declaratory judgment. 364 Pa. at 22, 70 A. 2d at 319.

The Court recanted the "optional remedy" view in *Wirkman v. Wirkman*, 392 Pa. 63, 139 A. 2d 658 (1958). In *Wirkman*, the parties to a contract determined that any dispute between them emanating from the contract would be settled by arbitration. This Court determined that the grant of a declaratory judgment would thus circumvent the contractual agreement. In affirming the lower court's dismissal of the petition for declaratory judgment, the Court asserted that "[a] declaratory judgment should not be granted where a more appropriate remedy is available." 392 Pa. at 66, 139 A. 2d at 660.[8]

Three years after *Wirkman*, this Court decided *Johnson Estate*, 403 Pa. 476, 171 A. 2d 518 (1961). In a petition for declaratory judgment for the construction of a will, the Court held that the existence of an alternative remedy would not, in itself, prevent an adjudication by declaratory judgment. The decision in *Johnson Estate* was supplanted, less than one year later, by *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962). The *McWilliams* decision reinstated declaratory judgment as an extraordinary remedy, not an optional substitute for other available relief. The cases

---

[8] This writer joined in the majority opinion in *Wirkman* on grounds that permitting a declaratory judgment would effectively evade the parties' contractual agreement to arbitrate their differences.

which followed have retained the *McWilliams* rule.[9] We reject it as an over-reaching of judicial power.

When the legislature enacted Section 6 of the Act, and its several amendments, we believe it intended the common sense meaning that its language conveys. If a remedy is specially provided by statute, it must be pursued. If, on the other hand, there is another available remedy not statutorily created, whether such remedy is legal or equitable, it is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment would lie.

There is no good reason why a rule which relegates the declaratory judgment to the status of an extraordinary remedy should abide, especially in view of the legislative imprimatur on so useful a judicial tool.[10]

Orders of the Superior Court and the court below are vacated and the matter is remanded for proceedings consistent with this opinion.

Mr. Justice EAGEN and Mr. Justice O'BRIEN dissent.

[9] See *C. H. Pitt Corp. v. Insurance Co. of North America*, 435 Pa. 381, 257 A. 2d 857 (1969) ; *Loftus v. City of Carbondale*, 435 Pa. 288, 256 A. 2d 799 (1969) ; *Bierkamp v. Rubinstein*, 432 Pa. 89, 246 A. 2d 654 (1968) ; *Port Authority of Allegheny Co. v. Amalgamated Transit Union*, 430 Pa. 514, 243 A. 2d 433 (1968) ; *Mains v. Fulton*, 423 Pa. 520, 224 A. 2d 195 (1966) ; *Greenberg v. Blumberg*, 416 Pa. 226, 206 A. 2d 16 (1965) ; *Mohney Estate*, 416 Pa. 107, 204 A. 2d 916 (1964) ; *State Farm Mutual Automobile Insurance Co. v. Semple*, 407 Pa. 572, 180 A. 2d 925 (1962).

[10] See the dissenting opinion of Mr. Justice ROBERTS in *Sheldrake Estate*, 416 Pa. 551, 557, 207 A. 2d 802, 804 (1965).