## Altaker v. Camp Hill Borough

*Charles E. Friedman*, for petitioners.
*John E. Slike*, for respondent.

SHUGHART, *P. J.*, November 19, 1975 — Petitioners, homeowners in the Borough of Camp Hill, contemplate certain construction on their land and, through the use of a declaratory judgment, they seek to have this court determine the applicability of several provisions of respondent's zoning ordinance to the planned modifications. Respondent has objected to this proceeding on the ground that petitioners are not entitled to have the matter determined in a declaratory judgment proceeding, because a special form of remedy is provided for this situation by the Municipalities Planning Code of July 31, 1968, P.L. 805, sec. 1001, as amended, Act of June 1, 1972, P.L. 238 (No. 93), sec. 1001, 53 P.S. §11001 (hereinafter cited as "MPC"). We agree with respondent.

Petitioners have a tennis court on their land which is now surrounded by a fence, six feet high. They wish to increase the height of the fence to ten

feet, and they aver that they "have been advised by the Borough of Camp Hill that under the provisions of the Camp Hill Zoning Ordinance of 1958, they are required to secure a building permit" for their proposed construction. Petitioners argue that the zoning ordinance has no applicability in this instance and, therefore, there is no need for them to apply for a permit.

We must first determine the meaning of petitioners' averment that they were advised by the "Borough" that the zoning ordinance is applicable. It is well settled that a municipal corporation can act only through its officers and, since section 614 of the MPC provides that a zoning ordinance shall be administered by the zoning officer, it seems clear that the zoning officer is the person empowered to give the kind of advice which petitioners received on behalf of the "Borough." In substance, therefore, the action before us is tantamount to an appeal from a decision of the zoning officer.

Section 6 of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, sec. 6, as amended, 12 P.S. §836, has recently been construed to mean that where "a remedy is specially provided by statute," that remedy must be pursued instead of a declaratory judgment: Friestad v. Travelers Indemnity Co., 452 Pa. 417, 425, 306 A. 2d 295 (1973). In our view, sections 1001 and 1006 of the MPC afford such a remedy.

Section 1001 of the MPC states that the provisions of article X "shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act." Section 1006 provides that where the appeal proceeds from a decision of any officer of a municipality which restricts the use

of a landowner's property and the landowner contends that the decision is not authorized by, or is contrary to, the zoning ordinance, the appeal lies exclusively to the zoning hearing board insofar as it has jurisdiction under section 909 of the MPC. In defining the function of the board, section 909 states:

"The board shall hear and decide appeals where it is alleged by the appellant that the zoning officer has . . . misapplied any provision of a valid ordinance."

This quite obviously is the situation now before us, and we, therefore, conclude that petitioners' proper remedy is to be found within the confines of the MPC. If the matter is not resolved by the zoning hearing board, an appeal by the aggrieved party to this court will lie: MPC, sec. 1006(3)(b).

We conclude that section 6 of the Uniform Declaratory Judgments Act requires the parties to follow the procedures of the MPC; we have no power to decide this matter by the use of a declaratory judgment.

## ORDER

And now, November 19, 1975, petitioner's application for a declaratory judgment is dismissed.