## Mergentime Corp. v. Neshaminy Water Resources Authority

*Carl L. Lindsay, Jr.,* for plaintiff.
*Steven R. Williams,* for defendant.
*James M. McNamara,* Assistant County Solicitor for the county.

GARB, *P.J.,* September 22, 1983—Plaintiff herein is a general contractor which has entered into a contract with defendant authority for the construction of the water diversion pumping station at Point Pleasant in Plumstead Township, Bucks County, Pa. The contract is one for approximately $8,000,000 and the construction has proceeded since January 10, 1983. The contract was executed by plaintiff and defendant herein on December 20, 1982.

On June 24, 1983, plaintiff instituted this action in equity in three counts. Count 1 sought a declaratory judgment regarding a proposed change order to permit an increase in compensation for various reasons stated therein as well as an extension of compensated time for completion. Count 2 sought a reformation of the contract to permit modification in the manner requested by the proposed change order. Count 3 sought cancellation of the contract in the event the change order should not be declared permitted or the contract not ordered to be reformed.

An answer and new matter were filed in response to that complaint by defendant. The matter was ordered down for expedited hearing and the hearings begun. Prior to the hearing the County of Bucks petitioned for leave to intervene on the side of defendant. The request for intervention was heard at the beginning of the hearing and intervention was allowed without objection.

After leave to intervene was granted to the County, the county filed an answer and new matter to the complaint together with a counterclaim seeking cancellation of the contract between plaintiff and defendant herein.

Plaintiff has filed a motion to amend its complaint essentially eliminating counts 2 and 3 therefrom and removing from the proceeding under count 1 any determination, at this time, of the monetary amount of the change order. Essentially, plaintiff now seeks only a declaratory judgment going to the question of whether the change order should be allowed under the terms and provisions of the contract between plaintiff and defendant. Defendant has agreed to the amendment but the county opposes same.

In addition, plaintiff has filed a preliminary objection to the answer of the county. In that preliminary objection plaintiff seeks to have the county removed as a party on the grounds of lack of standing. Plaintiff further seeks to have the county's counterclaim for cancellation of the contract dismissed.

By our order entered contemporaneously herewith we decide that the application to amend the complaint as proposed by plaintiff is allowed. Clearly, this will serve to narrow the issues. We can see no reason to proceed on the application for reformation and cancellation of the contract if the plaintiff no longer seeks that relief. As far as determining the amount of any change order, if it should ever be allowed, that is a matter of pure speculation at this time and, we believe, to attempt to determine same would add nothing to the determination of the basic underlying dispute regarding whether a change order is authorized and permissible under the terms of the contract. We recognize that a declaratory judgment is remedial intended to be liber-

ally construed and administered for the purpose of settling uncertainty with respect to rights and legal relations. See: Friestad v. Travelers Indemnity Co., 452 Pa. 417, A.2d (1973). However, it cannot be utilized to determine specific liabilities in the absence of an adequate record.

By our order we will deny plaintiff's preliminary objection to the participation of the county in this proceeding. Leave to intervene was granted and we believe that the county has demonstrated a sufficient interest in these proceedings to permit it to continue as a party in the action for declaratory judgment regarding the proposed change order.

However, we will sustain plaintiff's preliminary objection to the counterclaim of the county seeking a cancellation of the contract between plaintiff and defendant.

The history of this controversy need not be stated herein. Such was set forth at some length in two previous opinions of this court in Plumstead Township v. Neshaminy Water Resources Authority as of No. 83-00253 and County of Bucks v. Neshaminy Water Resources Authority as of No. 83-04408. The history, and the issues, are well known to all.

The county seeks through this counterclaim a cancellation of a contract between plaintiff, an independent and private contractor, and defendant, a municipal authority. The county, of course, approved of the contract at the time it was executed and construction begun. As we stated in our opinion of County of Bucks v. Neshaminy Water Resources Authority we know of no authority in this court to order that contracting parties terminate their lawfully executed contracts when that relief is sought by a third non-contracting party.* As we perceive it,

---

*Although concededly that was an opinion entered in an application for a preliminary injunction, no appeal was taken therefrom by the county.

the county seeks by another route the same relief to which it was not entitled directly in the action it brought against the authority. In fact, however, the relief sought in this action is once removed from that one because in this case the county is not an original party to the action but rather one which has been permitted intervention. We know of no authority whatsoever, nor has any been cited to us of any court anywhere in the world in which a non-contracting party was able to secure an order of court directing the cancellation of a contract between a municipal authority and a private independent contractor. Assuming that under some circumstances frustration or impossibility of contract is a basis for termination, we know of no authority nor has any been cited to us whereby that result has been accomplished through a court order sought by an entity which is not a party to the contract in question. We know of no basis upon which the county can secure an order of this court directing cancellation of this contract between this plaintiff and this defendant.

We fully recognize that the county has determined that it no longer wishes to proceed with this project. However, we are satisfied that the county cannot accomplish its purpose of stopping this project by the procedure it has adopted in this case. If the county truly wishes to stop the construction of the pumping station, it should use whatever political, executive or legislative powers it has to do so, assuming thereby whatever financial or legal liabilities may flow therefrom. This court simply lacks the power to do that which the county asks it to do in this action. As we have stated in the past, we have no executive or legislative functions. That is, we are not a super legislative or administrative or executive office. Neither this court nor any other

can order parties to make contracts or to cancel them. If parties to contract do breach them, the role of the courts is to decide if that is proper. If it was not proper, then we decide what damages the breaching party must pay.

One further word must be spoken. We perceive the county's efforts in this case and the suit it brought against the Authority to secure court orders of cancellation of these contracts as efforts on its part to portray the court as the obstacle to its attempts to terminate this project. We resent the county's transparent efforts to make this court a whipping boy in its attempts to terminate the pump project. This court did not create the contractual obligations now in force nor did it begin or inspire the project itself. The County Commissioners by their executive and legislative actions have done so. The County's second thoughts regarding this project cannot change or add to the legal authority of this court. We conduct our business and decide controversies brought to us by the letter and spirit of the law.

## ORDER

And now, this September 22, 1983, it is hereby ordered that plaintiff's motion to amend its complaint is granted and plaintiff is granted leave to file its proposed amended complaint within 20 days of the date hereof.

It is further ordered that plaintiff's motion to remove the county as an intervening party is denied.

It is further ordered that plaintiff's preliminary objection to the County of Bucks' counterclaim is granted and the counterclaim is stricken.