# In Re: Incompatibility of Office of Recorder of Deeds and County Commissioner in Bucks County

*Robert L. White,* for Andrew L. Warren.

*Robert V. Valimont, Michael J. Klimple, Thomas Mellon,* for Lucille M. Trench.

KELTON, *J.,* February 29, 1984—At issue in this declaratory judgment action is whether the offices of recorder of deeds and county commissioner in a third class county have been declared to be incompatible by the General Assembly. By our nisi order of December 28, 1983, we held that the legislature has not declared them incompatible. Exceptions have been filed and argued and we now enter our final order dismissing the exceptions.

This case had its genesis in a petition for declaratory judgment filed in December 1983 by Mr. Andrew L. Warren, a Bucks County Commissioner. Mr. Warren averred that Mrs. Lucille M. Trench, who had commenced a four year term as recorder of deeds in January 1982 and who had thereafter been elected to an overlapping four year term as county commissioner commencing in January, 1984, had notified Mr. Warren that she intended to hold both offices. Mr. Warren sought an order from us which would have the effect of prohibiting her from holding both jobs at the same time.

Mrs. Trench filed preliminary objections arguing that a declaratory judgment action was not a proper remedy, that Mr. Warren had no standing to bring the action and that the matter was not yet ripe for decision.

Under the declaratory judgment sections of the Judicial Code, 42 Pa.C.S. §7532 and 7533, however, we believe that the action is no longer subject to the objection "that a declaratory judgment or decree is prayed for". Section 7532. In our view Mr. Warren as a continuing commissioner is a "person . . . whose rights, status, or other legal relations are affected by a statute . . ." and that he therefore "may have determined . . . [a] question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Section 7533 See also Barbieri v. Shapp, 476 Pa. 513, 519 fn. 5, 383 A.2d 218 (1978) (sustaining a declaratory judgment jurisdiction as to expiration of judicial offices) and Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A.2d 295 (1973) (establishing a liberal construction for declaratory judgment act proceedings where a specific statutory remedy had not otherwise been provided). We therefore held that a declaratory judgment action was proper.

Because a new board of commissioners was about to take office, the matter was clearly ripe for decision. Accordingly, we overruled Mrs. Trench's preliminary objections, received the parties' stipulations as to the undisputed facts and, after consideration of their respective briefs and arguments, decided the matter on the merits and entered our nisi order.

In his brief and argument in support of his exceptions to our decree nisi, Mr. Warren argues that no statutory authority exists for a single individual to hold both the recorder position and the county commissioner position at the same time. He contends that because §1302(a) of the County Code,* specifi-

---

*Act of May 2, 1929, P.L. 1278 as amended, 16 P.S. §1302.

cally states that "one person" shall hold the office of recorder of deeds in third class counties.while section 1302(c) states that "one person" shall hold the three offices of register of wills, recorder of deeds and clerk of the orphans' court in sixth class counties, the legislature clearly intended that the recorder be prohibited from holding any dual office in third class county government.

We believe however that we were compelled to hold that the legislature had not declared the two offices to be incompatible. Article 6, §2 of the Pennsylvania Constitution provides that:

"§2. Incompatible offices

No member of congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. The General Assembly may by law declare what offices are incompatible."

Petitioner Warren concedes in his brief (p. 8) that ". . . the legislature has failed to declare the offices of county commissioner and recorder of deeds in a third class county to be incompatible. . ."

We agree.

Under the incompatibility section of the County Code (16 P.S. Supp. §402 (a)), elected county officers and county solicitors may not simultaneously be members of the legislative body of a local municipality, nor may they act as local treasurer, tax collector, school director or member of a board of health. Under §424 and 420 single surety bonds are permitted for combined county offices including commissioner and recorder. Under §450, recorders of deeds may be removed from office only by impeachment or by the Governor for reasonable cause. Under §1301 a recorder is elected "for a term of four

years and until [her] successor is elected and qualified."

Finally, under the salary provisions of the code (16 P.S. Supp. §11011-11), where any of the county officers "herein mentioned" (including both recorders and commissioners in third class counties) "hold two or more of the offices for which a salary is herein fixed, [she] . . . shall receive the highest salary fixed for any one of the offices which [she] . . . holds, plus an additional amount of one thousand dollars ($1,000) per annum."

We thus conclude that the legislature has not made a declaration that a county commissioner may not also be a recorder and we believe that our inquiry should end at this point. Under both Crescent Township v. Crescent-South Heights Municipal Authority, 11 D.&C. 3d 705 (1977), aff'd. per curiam 482 Pa. 170, 393 A.2d 434 (1978) and Commonwealth ex rel. Fox v. Swing, 409 Pa. 241, 186 A.2d 24 (1962), we have no inherent authority to declare legislative or executive offices incompatible by applying common law principles.

The constitution has clearly placed this power in the legislature and not the judiciary.

We therefore enter the following

## DECLARATORY JUDGMENT

And now, February 29, 1984, petitioner Warren's exceptions to the order nisi dated December 28, 1983 are overruled and said order declaring that the offices of recorder of deeds and county commissioner in counties of the third class have not been declared by the General Assembly to be incompatible, is hereby entered as the final order and judgment of this court.