## Wilshire, Appellant, *v.* Penn Overall Supply Company.

Argued April 9, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Louis Kwall,* for appellant.

*John A. Metz, Jr.,* for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from an order denying appellant's petition for a declaratory judgment. Appellant contends that the court below erred in refusing to entertain the action for the sole reason that other relief was available.

Appellant was employed by the appellee from 1957 until 1972. In 1969, appellant signed an agreement with the appellee by which he was to refrain from working with any similar business concern within a hundred mile radius of Pittsburgh during the term of his employment and two years thereafter. None of his

duties, responsibilities, or pay was altered by the agreement.

Appellant attempted to find employment after his dismissal, but encountered difficulty because of the agreement. Appellant requested appellee to issue a letter declaring the contract to be null and void, but the appellee refused. Thereafter, appellant filed a complaint in equity to enjoin the appellee from interfering with his employment by spreading false rumors about his health to prospective employers. While the equity case was pending, appellant instituted the instant action, seeking a ruling that the employment agreement was null and void.

Properly relying on the Supreme Court's decision in *McWilliams v. McCabe*, 406 Pa. 644, 179 A. 2d 222 (1962), the court below dismissed appellant's petition. Subsequent to this dismissal, the Supreme Court overruled *McWilliams* to the extent that it disallowed declaratory judgment relief because of the existence of another remedy. *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A. 2d 295 (1973). In rejecting the *McWilliams* rule, the Court stated at pages 421-2:

"The legislature adopted the Uniform Declaratory Judgments Act as a 'remedial' statute intended to be 'liberally construed and administered' for the purpose of settling 'uncertainty and insecurity with respect to rights, status, and other legal relations. . . .'" Despite this mandate, and notwithstanding the *clear* and *explicit* legislative intent to make declaratory judgments available though 'the threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy', many of our decisions have held that a declaratory judgment proceeding would not lie if there existed another available remedy.

"To the extent that these decisions rest upon the view that the Uniform Declaratory Judgments Act pro-

vides extraordinary relief which may only be invoked in the absence of another available remedy,—whether statutory or non-statutory—they are disavowed." [Footnotes omitted.]

Thus, in the instant case, appellant cannot be precluded from obtaining a declaratory judgment by the mere existence of another remedy. Rather, the availability of another remedy "is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment would lie." *Friestad v. Travelers Indemnity Co.*, supra, 452 Pa. at 425.

The order of the court below is reversed, and the case remanded for further consideration of appellant's petition consistent with this opinion.