Bahleda, Appellant, *v.* Hankison Corporation.

154

Argued April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

petition for reargument refused July 22, 1974.

*Henry H. Wallace,* with him *Wallace & Joyce,* for appellant.

*William C. Hurtt,* with him *Stephen D. Marriner,* and *Cleland, Hurtt and Witt,* and *McCreight, Marriner and McCreight,* for appellee.

Opinion by Hoffman, J., June 21, 1974:

This is an appeal from the order of the court below sustaining the appellee's preliminary objections to appellant's complaint in trespass.

The complaint averred that the appellant began employment with the appellee (Hankison) under an oral contract in 1967. The parties executed a contract in 1969, under seal, by which appellant agreed, inter alia, that he would not directly or indirectly engage in a business in which Hankison was engaged for a period of two years. The agreement contained no geographical limitation.

In September of 1971, appellant notified Hankison Corp. that he had obtained employment with a competitor, Kellogg-American Corporation, and was, therefore, terminating his employment with the Hankison Corp. Hankison then notified Kellogg that appellant was not free to take employment with it by virtue of the covenant not to compete. Because of Hankison's action, appellant claimed damages for the loss of employment with Kellogg. He also claimed he was entitled to relief under the Uniform Declaratory Judgments Act[1] declaring the agreement to be null and void, and unenforceable.

Hankison filed preliminary objections to the complaint, alleging that the appellant failed to state a cause of action in that the agreement (affixed to the complaint) prohibited appellant from obtaining employment with a competitor; that the contract was valid on its face; and that by virtue of the contract, Hankison's conduct was privileged. After appellant was given several opportunities to amend the complaint which he refused to do, the preliminary objections were sustained and the complaint dismissed.

---

[1] Act of June 18, 1923, P. L. 840, as amended, 12 P.S. §831.

Appellant's cause of action in trespass is grounded upon §766 of the Restatement of the Law of Torts[2] which provides:

". . . one who, without a privilege to do so, induces or otherwise purposely causes a third person not to

"(a) perform a contract with another, or

"(b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

The presence of a privilege is not an affirmative defense, rather, the absence of such a privilege is an element of the cause of action which must be pleaded and proven by the plaintiff. *Capecci v. Liberty Corp.,* 406 Pa. 197, 202, 176 A. 2d 664 (1962); *Barlow v. Brunswick Corporation,* 311 F. Supp. 209 (E.D. Pa. 1970).

Appellant did not plead a lack of privilege or justification on the part of Hankison in notifying Kellogg of the covenant. Even if appellant's averment that Hankison acted maliciously cured that specific defect [see *Birl v. Philadelphia Electric Co.,* 402 Pa. 297, 167 A. 2d 472 (1960), the complaint must fail. By incorporating the contract in its complaint, appellant has shown, contrary to his burden, the presence of a privilege on the part of Hankison, thus defeating his own cause of action.

The privilege is defined in §773 of the Restatement: "One is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third person by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction."

---

[2] Adopted in Pennsylvania: *Capecci v. Liberty Corporation,* 406 Pa. 197, 176 A. 2d 664 (1962); *Birl v. Philadelphia Electric Co.,* 402 Pa. 297, 167 A. 2d 472 (1960).

By virtue of the covenant, Hankison had a legally protected interest to pursue by its act of notification. Such a covenant presents a prima facie case for the invocation of the Restatement's privilege. *Barlow v. Brunswick Corporation,* 311 F. Supp. 209 (E.D. Pa. 1970). Although the covenant as worded may, as appellant argues, be too broad in geographic scope to be enforcible in a court of equity [*Trilog Associates v. Famularo,* 455 Pa. 243, 314 A.2d 287 (1974)], the covenant may, nevertheless, be modified and enforced as restricted by the modification. *Albce Homes, Inc. v. Caddie Homes,* 417 Pa. 177, 207 A. 2d 768 (1965).[3]

The court below, however, also dismissed that portion of the appellant's complaint which sought declaratory relief. The court did not discuss this action in its opinion and, on the face of the complaint, there appears to be no reason for the summary dismissal. We have previously held that if otherwise appropriate, a proceeding for a declaratory judgment is a proper form of action for challenging the validity of restrictive employment covenants, *Wilshire v. Penn Overall Co.,* 227 Pa. Superior Ct. 30, 323 A. 2d 239 (1974), and can find no justification for the lower court's summary refusal to grant relief.

Order affirmed in part, reversed in part; and case remanded for proceedings consistent with this opinion.

---

[3] The appellant did not aver in its complaint that the manner in which Hankison acted was improper. Under the Restatement, even if a privilege exists, if the actor does not protect it by proper means, he will be liable. See Comment to §733, Restatement of Torts.