## Bielitsky, Executor, v. Hortman Aviation, Inc.

*Edward W. Silver*, for plaintiffs.
*Charles J. Conturso*, for defendant.

WALSH, J., June 27, 1974.—Plaintiffs have petitioned the court to construe a portion of a written agreement pursuant to the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, et seq.

On or before September 3, 1968, N. A. Hortman and his wife operated an airport for light aircraft on approximately 70 acres of land in Falls Township, this county, known as the Morrisville Airport. The business was conducted as Hortman Aviation, Inc., the principal stockholders being Mr. and Mrs. Hortman. The Hortmans were interested in placing the land on the market for sale and in attracting investors to help bear the existing mortgage payments until a buyer could be found. Five persons known as the Bielitsky group, the present plaintiffs, became interested, and on the foregoing date entered into a written agreement with defendant to form a corporation. The parties agree that the purpose of the new corporation was to hold the land for sale at the best price obtainable. Plaintiffs and defendant were to have equal control, plaintiffs paying for their shares with money and defendant paying for its shares by a conveyance of the land.

The present controversy arises from a difference of opinion as to the intent of the parties with reference to the following provisions of the agreement:

"6. *Obligations of the Parties*

"(a) HORTMAN will provide evidence at the time of the conveyance of the real estate that all taxes, sewerage and water rents for the current year have been paid. HORTMAN agrees to keep the taxes current thereafter and agrees further to produce the receipts for payment of the said realty taxes for examination by all of the Corporate Officers and Directors no later than June 30th of each year.

Defendant paid the taxes up to and including the

year 1970, when it moved its airport operation to a different location. Plaintiffs seek to have the court declare that under the foregoing provision defendant is under a duty to continue paying the taxes until the land is sold. Defendant takes the position that the parties intended that the obligation to pay the taxes would continue only so long as defendant chose to use the land as an airport. In support of this contention, defendant introduced testimony, without objection, that before the agreement was reduced to writing, Mr. Hortman informed Irving Levinson, the negotiating member of the plaintiff group, of defendant's intention to move its operations at some indefinite time to an airport known as 3-M where defendant was already paying rent. When Mr. Levinson suggested a lease-back arrangement, the question of determining a fair rental arose. Defendant's evidence is that when it appeared that a fair rental would be about the same as at 3-M, and that this was about the same annual sum as the taxes, the parties simply agreed that defendant would pay the taxes in lieu of rent.

Plaintiffs appear not seriously to dispute the contention that the agreement to pay taxes is in lieu of rent, but they do dispute defendant's contention that the parties understand that defendant was free to cease paying at any time it decided to quit the premises. Mr. Levinson testified in rebuttal that the parties understood defendant would remain and maintain the property until it was sold. He does acknowledge that the parties believed a buyer would be found within a year or two. Neither side foresaw the coming of new and stringent sewer regulations which had the effect of retarding land development and sales.

Counsel have stipulated that the sole issue before the court is whether defendant is responsible for all

real estate taxes or for one-half thereof after January 1, 1971.

## DISCUSSION

This dispute is a proper subject for a declaratory judgment. The Uniform Declaratory Judgments Act provides that any person interested under a written contract may have determined any question of construction and obtain a declaration of rights or other legal relations thereunder: Act of June 18, 1923, P. L. 840, sec. 2, 12 PS §832. The Pennsylvania Supreme Court has recently disavowed its earlier decisions which held that this form of remedy is extraordinary and could be invoked only in the absence of another available remedy: Friestad v. Travelers Indemnity Co., 452 Pa. 417 (1973). The availability of another remedy is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment lies: Wilshire v. Penn Overall Supply Co., 227 Pa. Superior Ct. 30 (1974). Counsel on both sides request a determination in this form, and since a declaratory judgment will terminate the controversy, the request is appropriate.

In construing a contract, the intention of the parties is paramount. The court will adopt the interpretation which, under all the circumstances of the case, ascribes the most reasonable, probable and natural conduct of the parties, bearing in mind the objects manifestly to be accomplished: Unit Vending Corp. v. Lacas, 410 Pa. 614, 617 (1963). This intention must be ascertained from the entire instrument, and an interpretation will not be given to one part of it which will annul another part: Neal D. Ivey Co. v. Franklin Associates, Inc., 370 Pa. 225, 231 (1952).

Applying these principles, the court concludes that

the primary object intended to be accomplished in the agreement was equal ownership of this venture between plaintiff and defendant with equal contribution of capital, including land. A proper understanding of the parties' intent under paragraph 6(a), which obligates defendant to pay the taxes, requires that this paragraph be read in conjunction with paragraph 6(c), which provides that defendant may continue to occupy the realty as an airport without payment of rent. Defendants' occupancy is declared under paragraph 6(m) to be subordinate to the venture. His occupancy is, in a sense, independent of it in that, in event of a breach of its covenant to pay the taxes, plaintiffs' remedy is stated to be ejectment. These factors are indicative of an intention to treat defendant's occupancy as a tenancy at will or from year to year.

Plaintiffs' contention that defendant is bound to pay the taxes until the land is sold conflicts with the overall intent of the parties to share the money obligations equally. This intent is evidenced by provisions that the new corporation will assume the mortgage, and that municipal assessments and real estate transfer taxes will be shared equally.

## DECREE NISI

And now, June 27, 1974, it is ordered and decreed:

1. For the reasons stated in the foregoing opinion, the prayer of petitioner for a declaratory judgment that defendant is obligated to pay all real estate taxes currently due is refused.

2. The defendant is responsible after January 1, 1971, for one-half of all real estate taxes assessed against the land in question.

3. Unless exceptions are filed within 20 days, this decree shall be entered as final upon praecipe.