Gresh, Appellant, *v.* Potter McCune Company.

538

Argued June 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anthony J. Martin,* with him *Martin and Finnegan,* for appellant.

*Frederick J. Francis,* with him *William P. Getty,* and *Meyer, Unkovic & Scott,* for appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

This appeal from the refusal of the court below to remove the entry of a compulsory non-suit raises the issue of the level of proof required to sustain an action for interference with contract pursuant to §766 of the Restatement of Torts.

The essential facts are not in dispute. Appellant was employed by the appellee, Potter McCune Company, ("Company"), as an institutional salesman from March 4, 1968, until September 3, 1971, when appellant voluntarily terminated his employment. On September 15, 1971, appellant commenced employment with Pitt Foods Corporation, a competitor of the Company, as an institutional salesman. After being informed that appellant had contacted customers of the Company, the Company, on the advice of counsel, sent the following letter to Pitt Foods: "Potter-McCune Company intends to take all legal steps necessary to insure that Lawrence W. Gresh does not compete against Potter-McCune Company during the

term of this agreement. We further will act to prevent Lawrence W. Gresh from disclosing or exploiting any trade secrets, including customer information, acquired during his employment with this company." The basis for the Company's action was the existence of a restrictive covenant in the employment contract entered into between appellant and the Company: "It is agreed that the employment of the Institutional Salesman gives him an opportunity to become acquainted with the customers of the Employer and as much as such advantage of acquaintance is a valuable trade secret of said Employer, it is further agreed that if the Institutional Salesman leaves the employment of, or his employment is terminated by Employer, then the Institutional Salesman agrees that he shall not become employed, or actively engaged in a similar business, directly or indirectly, either for himself or for another within the Employer's trading area for a period of one (1) year after leaving the employ of Employer or after his employment has been terminated by the Employer."

Because Pitt Foods did not wish to become involved in litigation with the Company, it chose to discharge appellant. Appellant then filed the instant action against the Company, seeking recovery for lost wages, embarrassment and severe mental anguish, injury to his business reputation, and punitive damages. The complaint alleged that the Company had intentionally interfered with appellant's employment relationship and that the Company's letter constituted actionable defamation. Following the presentation of appellant's evidence, the lower court granted the Company's motion for a compulsory non-suit.

Appellant's claim for intentional interference with a business relationship is based on §766 of the Restatement of Torts: ". . . one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into

or continue a business relation with another is liable to the other for the harm caused thereby." The crucial issue, therefore, is whether the Company was privileged to interfere with appellant's contractual relationship with Pitt Foods. Section 773 of the Restatement provides: "One is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third person by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction." Comment a to §773 states that the privilege is of narrow scope and protects the actor only when "(1) he has a legally protected interest, and (2) in good faith asserts or threatens to protect it, and (3) the threat is to protect it by proper means." In the instant case, the Company contends that the restrictive covenant was a legally protected interest which it sought to protect in good faith by proper means. We agree and therefore affirm the order of the court below.

In *Bahleda v. Hankison Corp.*, 228 Pa. Superior Ct. 153, 323 A. 2d 121 (1974), this Court faced an almost identical factual situation. There, the lower court sustained appellee's preliminary objections. We affirmed, stating that "[t]he presence of a privilege is not an affirmative defense, rather, the absence of such a privilege is an element of the cause of action which must be pleaded and proven by the plaintiff. *Capecci v. Liberty Corp.*, 406 Pa. 197, 202, 176 A. 2d 664 (1962); *Barlow v. Brunswick Corporation*, 311 F. Supp. 209 (E.D.Pa. 1970)." 228 Pa. Superior Ct. at 156, 323 A. 2d at 122-123. We held that appellant defeated his own cause of action by incorporating the restrictive covenant in his complaint. As was stated in *Barlow*, supra, "[s]uch a covenant presents a *prima facie* conflict with the ... contract, and sets out a *prima facie* case for the invocation of the Restate-

ment's privilege, not a *prima facie* case of an unprivileged interference." 311 F. Supp. at 213.

Appellant's basic argument is that the restrictive covenant is not a legally protected interest because it is unenforceable. Thus, appellant contends that although the covenant is reasonable as to geographic and time limitations, it is unenforceable because it fails to set forth a protectable "trade secret", and because the covenant was not ancillary to the taking of employment. The merits of these contentions would be crucial if appellant had sued in equity to enjoin the Company from enforcing the covenant. However, appellant sought damages in an action at law: "Although as a general rule, covenants not to compete are unenforceable if overly broad in time, territory, or protection or if they create an unreasonable hardship, . . . those rules are equitable in nature. Their rationale is that overly broad covenants not to compete deprive a man of his opportunity to make a living, and are thus unreasonable and as a result unenforceable in equity. This however is not an equitable action. Appellee has merely raised appellant's breach of the covenant as a legal defense to appellant's action in assumpsit. We need not pass on whether the covenant . . . is too harsh to be enforced in equity. Harsh though it may be, it was entered into by appellant with his eyes open, and there is nothing in the record to indicate that it was not part of a completely arms-length bargain between knowing and willing parties." *Krauss v. M. L. Claster & Sons, Inc.*, 434 Pa. 403, 407, 254 A. 2d 1, 3 (1969) (citations omitted). Furthermore, appellant's arguments overlook the fact that otherwise unenforceable restrictive covenants may be modified by a court of equity and enforced as modified. See, e.g., *Albee Homes, Inc. v. Caddie Homes, Inc.*, 417 Pa. 177, 207 A. 2d 768 (1965).

The lower court found that the Company's assertion of the covenant was made in good faith by proper means.

The Company had a contractual interest which it sought to protect, and it did so only after consulting with counsel. Moreover, the Company threatened to protect its interest by "all legal steps necessary." It is apparent that comment b to §767, which provides that "physical violence, fraudulent misrepresentation and threats of illegal conduct are ordinarily improper means and subject their user to liability even though he is privileged to accomplish the same result by proper means," is inapplicable to the instant case.

Similarly, the entry of a nonsuit on the defamation action was proper. Under 12 P.S. §1584(a),[1] the plaintiff has the burden of proving that the defendant abused a conditionally privileged occasion, and the defendant has the burden of proving the privileged character of the occasion. Section 594 of the Restatement provides that "[a]n occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that (a) facts exist which affect a sufficiently important interest of the publisher, and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest." In a defamation action, the plaintiff may be nonsuited if the conditional privilege is evidenced from his case, and if he fails to prove the abuse of that privilege. See *Baird v. Dun & Bradstreet, Inc.*, 446 Pa. 266, 285 A. 2d 166 (1971) ; *Rankin v. Phillippe*, 206 Pa. Superior Ct. 27, 211 A. 2d 56 (1965). By introducing evidence of the interest sought to be protected by the Company, appellant has established the existence of a conditional privilege. Nothing in his evidence establishes the abuse of that privilege. Thus, the lower court correctly entered a nonsuit on this count as well.

Order affirmed.

---

1. Act of August 21, 1953, P.L. 1291, §1.