## Mintz v. Bur

*Richard P. McBride*, for plaintiffs.
*Andrew L. Braunfeld*, for defendants.

HONEYMAN, *J.*, August 24, 1977—This case concerns an action in trespass grounded in malicious use of process, abuse of process and interference with business relations, business relationships and the use of property, as well as conspiracy. Plaintiffs are owners of a tract of land containing approximately 172 acres located in Horsham Township, Montgomery County, Pa. Defendants were individuals residing in the same township at all times material to the issues herein. The action arises from the events surrounding the adoption of certain amendments to the Zoning Ordinance of Horsham Township.

On January 15, 1976, plaintiffs filed the original complaint against defendants for malicious use of process, abuse of process and interference with business relations. Defendants filed preliminary objections in the nature of a demurrer, a motion to strike and a motion for a more specific pleading on February 9, 1976.

Plaintiff filed an amended complaint on July 15, 1976. Defendants again filed preliminary objections thereto on October 12, 1976. These preliminary objections were briefed and argued before the court en banc on July 19, 1977, and are the

subject of this opinion and the order which follows.

The following is a summary of the averments of the amended complaint.

1. On September 16, 1974, the Board of Supervisors of Horsham Township enacted Ordinances nos. 1078 and 1079, thereby amending the zoning ordinance and zoning map of that township. Ordinance no. 1078 changed the zoning classification of plaintiffs' property from R-3 to R-5. Ordinance no. 1079 created an R-5A Residential District as an alternative to the R-5 Residential District. The R-5A District, also known as the "Mixed Cluster Development Alternative," permitted such uses as townhouses, garden apartments and quadraplexes. It was essentially a planned residential development ordinance.

2. Plaintiffs planned to develop their property in accordance with the R-5A classification and proposed to construct a total of 1,250 units in stages at a cost of approximately $32,000,000. The initial stage of development was to include 286 units to be constructed at an approximate cost of $8.5 million. On October 15, 1974, defendants filed an appeal with the Zoning Hearing Board of Horsham Township challenging the validity of Ordinances nos. 1078 and 1079 on procedural and substantive grounds. This appeal to the zoning hearing board caused the automatic stay of plaintiffs' development pursuant to section 916 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. §10916 (M.P.C.).

3. On that same date defendants took an appeal to the Court of Common Pleas of Montgomery County pursuant to section 1003 of the M.P.C. of June 1, 1972, P.L. 238, 53 P.S. §11003. Defendants brought this action against the Horsham Township

Board of Supervisors alleging procedural defects in the adoption of the ordinances as well as substantive violations of the M.P.C. The filing of this action did not automatically stay the action appealed from and on October 16, 1974, defendants filed a rule to show cause and a petition to stay further action with the court.

4. Thereafter, on October 22, 1974, plaintiffs sought to intervene in the action between defendants and the Horsham Township Board of Supervisors and plaintiffs filed a notice of intervention pursuant to section 1009, M.P.C., 53 P.S. §11009. Following their intervention plaintiffs filed a petition for bond as a condition to continuing the appeal as provided in section 1008 M.P.C., 53 P.S. 11008(4), on November 1, 1977.

5. On December 9, 1974, the Zoning Hearing Board of Horsham Township dismissed defendants' appeal without prejudice on the grounds that it was premature and raised non-justiciable issues.

6. On January 3, 1975, Ordinance no. 1079 was repealed by the enactment of Ordinance no. 1080 which provided for a major residential development alternative in Horsham Township by means of a conditional use procedure.

7. A hearing was held on January 9, 1975, on plaintiffs' petition for bond before the Honorable William W. Vogel. At that hearing plaintiffs and defendants stipulated to a withdrawal of defendants' challenge to Ordinance no. 1079, which had been repealed; this left only the alleged defects in enacting Ordinance no. 1078 at issue.

8. At the hearing the court limited the evidence to the question of potential pecuniary loss to plaintiffs during the stay of their construction. In so doing the court relied on Driscoll, et al. v. Plymouth

Township et al., 13 Pa. Commonwealth Ct. 404, 320 A. 2d 444 (1974). In Driscoll, which concerned a petition for bond brought under another section of the M.P.C., the court held that it was not permissible to hear evidence pertaining to the merits of the case or the financial status of the protestants. The bonding provision at issue in Driscoll and in the instant case is identical and thus the court applied the same limitation as to permissible evidence at the hearing.

9. In a memorandum opinion and order dated January 15, 1975, Judge Vogel required that, as a condition to maintaining their appeal, defendants should post a bond in the following amounts:

1. $12,000 by January 24, 1975
2. An additional $23,500 by February 24, 1975
3. An additional $23,500 on the 24th day of each month, thereafter, commencing March 24, 1975.

When defendants failed to post the required bonds defendants' appeal to the Court of Common Pleas of Montgomery County was dismissed by order of Judge Vogel dated January 28, 1975.

10. On February 27, 1975, defendants took an appeal to the Commonwealth Court of Pennsylvania raising the constitutional validity of section 1008 M.P.C., 53 P.S. §11008(4), as that section was interpreted under Driscoll.

11. While defendants' appeal was pending in Commonwealth Court, defendants renewed their appeal to the Horsham Township Zoning Hearing Board on March 13, 1975. Plaintiffs then filed another petition for bond and a hearing was scheduled thereon on May 19, 1975. On May 16, 1975, however, defendants withdrew their appeal to the zoning hearing board. Thereafter plaintiffs applied

for a conditional use pursuant to Ordinance no. 1080, as a condition precedent to developing their property in the proposed manner. The Horsham Township Board of Supervisors held a hearing on July 8, 1975, and granted its approval of plaintiffs' application.

12. In an opinion dated December 2, 1975, defendants' appeal was dismissed by the Commonwealth Court on the ground that the issue of the constitutionality of section 1008(4) of the M.P.C., 53 P.S. §11008(4), had not been raised below and thus defendants were precluded from raising it on appeal for the first time: Bur et al. v. Horsham Township Board of Supervisors, 22 Pa. Commonwealth Ct. 141, 348 A. 2d 156 (1975).

According to the Restatement, 2d, Torts, §674:

"One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

"(a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and

"(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

In support of their motion for a demurrer, defendants contend that plaintiffs have no standing to bring the instant action because plaintiffs were not the party against whom defendants brought their original action. In fact, defendants brought suit against the Board of Supervisors of Horsham Township to protest the allegedly improper procedures followed by the board in adopting a determination of alleged substantive violations of the

M.P.C. In pursuing both these claims defendants were proceeding solely against the board of supervisors.

Plaintiffs chose to exercise an option granted to them by statute and voluntarily intervened in the litigation. Thus it is clear that plaintiffs do not meet a prerequisite to bringing an action for wrongful use of civil process, since defendants herein did not "initiate, continue or procure" civil proceedings against plaintiffs.

Plaintiffs contend that it is sufficient to maintain the instant cause of action as long as adversity of interest existed between the present parties during the prior actions. To support this contention plaintiffs cite cases in which damages were awarded against persons who were not parties of record in the original suit which gave rise to a subsequent action for abuse of process and/or malicious use of process. There is a crucial difference between the cases relied on by plaintiffs and this case, viz., the persons who recovered damages in those cases had all been subjected to civil proceedings as a result of someone else's instigation. They themselves were named as defendants and thus were required to defend unlike plaintiffs in the instant case who chose to intervene.

While the cases cited by plaintiffs may be authority for the proposition that a person who is not a party of record in a prior lawsuit can still be held liable for malicious use of process or abuse of process where that person is shown to have been the instigator of the original suit, these cases do not support plaintiffs' contention that it is not necessary that they have been named as defendant in the original action in order to maintain the instant cause of action.

The language of section 674 of the Restatement Torts 2d, indicates that a cause of action for wrongful use of civil process will not arise until civil proceedings have been brought against a party. In the instant case defendants brought their action against the Horsham Township Board of Supervisors pursuant to section 1003 of the M.P.C., 53 P.S. §11003. Thus the only proceedings that were instituted by defendants, whether wrongfully or not, were instituted against the board of supervisors only. Plaintiffs themselves affirmatively chose to intervene in that appeal. Mere adversity of interest is clearly not sufficient to meet the requirements of the Restatment. Therefore, plaintiffs lack the requisite standing to maintain the actions of abuse of process and malicious use of process and defendants' demurrer to those counts alleging malicious use and malicious abuse of process must be sustained.

There is an additional ground for sustaining defendants' demurrer to those counts of plaintiffs' amended complaint making such allegations. The facts pleaded therein do not establish that defendants pursued their appeals to the zoning hearing board and the Court of Common Pleas of Montgomery County without probable cause.

In appealing the action of the board of supervisors, defendants alleged certain procedural and substantive defects in the zoning ordinance amendments. For the purpose of a demurrer, all well pleaded facts of the complaint must be taken as true: Borden et al. v. Baldwin et al., 444 Pa. 577, 281 A. 2d 892 (1971). The facts alleged by plaintiffs concerning various meetings before the adoption of the disputed zoning amendments would seem to meet the procedural requirements of section 609 of

the M.C.P., 53 P.S. §10609. However, defendants' allegations of substantive defects under section 604 of the M.P.C., 53 P.S. §10604, have never been adjudicated. These allegations were withdrawn as to Ordinance no. 1079 when that ordinance was repealed by Horsham Township. The merits of defendants' allegations of substantive defects have never been adjudicated. Therefore, there is nothing to support plaintiffs' conclusion that defendants acted without probable cause in taking the appeals. Thus, even if it were decided that plaintiffs had standing to maintain the actions for abuse of process and/or malicious use of process, plaintiffs' amended complaint still does not state a cause of action upon which relief can be granted on the requirement of a lack of probable cause.

Other counts of plaintiffs' amended complaint allege intentional interference in business relations of plaintiffs as a result of the alleged wrongful civil proceedings.

It is generally recognized that one has the right to pursue his business relations or employment free from interference on the part of other persons except where such interference is justified or constitutes the exercise of an absolute right: Restatement, Torts, §766; Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472 (1960).

Plaintiffs have failed to allege facts in their amended complaint that would establish that defendants were bringing their actions without justification. In pursuing their appeals defendants were following a course of action prescribed by statute for parties allegedly aggrieved by actions of the board of supervisors. The absence of justification is an essential part of the cause of action of interference with business relations: Bahleda v.

Hankison Corp., 228 Pa. Superior Ct. 153, 323 A. 2d 121 (1974).

Without averments of facts which establish that defendants had no basis for pursuing their appeals concerning the alleged procedural and/or substantive defects in the adoption of the amendments, plaintiffs have failed to state a cause of action upon which relief can be granted. Therefore, those counts of plaintiffs' amended complaint must be dismissed.

Plaintiffs' counts alleging a civil conspiracy among defendants also fail to state a cause of action. A civil conspiracy is a combination of two or more persons to do an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose: Baker et al. v. Rangos et al., 229 Pa. Superior Ct. 333, 324 A. 2d 498 (1974). Since plaintiffs' amended complaint does not sufficiently establish that defendants pursued their appeals in this matter maliciously or without probable cause, there is no evidence that defendants' actions were either unlawful or conducted in an unlawful manner or to achieve an unlawful purpose. Clearly the taking of an appeal is not a crime.

Furthermore, the facts averred in a complaint alleging conspiracy must be set out with more particularity than those alleged in other trespass actions: Baker, supra. The only overt act in furtherance of the the conspiracy alleged by plaintiffs is the formation of a civic association by the additional parties defendants. The formation of this group does not constitute a conspiracy under the facts alleged in plaintiffs' amended complaint.

In their brief, plaintiffs contend that defendants' preliminary objections are directed only to Counts I and II of the amended complaint. This is clearly

erroneous. Defendants demurred to the amended complaint as a whole.

Plaintiffs have co-mingled the theories of their causes of action throughout the counts of the amended complaint, thus making it difficult to compartmentalize this discussion. However, the amended complaint fails to state a cause of action upon which relief can be granted in any of these counts or as to any of defendants. Thus, defendants' preliminary objections should be sustained and the amended complaint be dismissed.

## ORDER

And now, August 24, 1977, the preliminary objections in the nature of a demurrer to the complaint are sustained and the complaint is ordered to be dismissed.