### Robert W. MOLUSH
### v.
### ORKIN EXTERMINATING CO., INC.
#### Civ. A. No. 82–2823.

United States District Court,
E. D. Pennsylvania.

Aug. 9, 1982.

Alfred F. Shea, Cornwells Hgts., Pa., for plaintiff.

John W. Walter, Philadelphia, Pa., for defendant.

**MEMORANDUM OPINION AND ORDER**

WEINER, District Judge.

This is an action for wrongful discharge brought by plaintiff following his dismissal

by his employer. The plaintiff asserts that he was dismissed because of a polygraph examination he underwent at the direction and insistence of his employer as a condition for his newly-commenced employment. The plaintiff seeks damages to compensate him for the salary and commission he alleges he would have earned from the time he was discharged until the time he gained other employment.

Plaintiff commenced his suit in the Court of Common Pleas of Bucks County, Pennsylvania on March 10, 1982. The defendant filed a petition for removal to this court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant has filed a motion to dismiss. For the reasons which follow, defendant's motion is denied.

In his complaint plaintiff states that he was hired by the defendant company on March 11, 1980 to begin work as a salesman on a permanent, full-time basis starting March 17, 1980. Prior to his first day of work, plaintiff underwent a polygraph examination at defendant's direction and insistence. Plaintiff was sent home on the afternoon of his first work day and was told that his employment was being "deferred until the conditions of employment were viewed and data submitted verified." Defendant notified plaintiff on March 21, 1980 that he was no longer employed by the defendant company.

Plaintiff contends that the defendant dismissed him based on the results of the polygraph examination which defendant required as a condition of employment. Plaintiff claims lost wages and sales commissions of which he was deprived by reason of defendant's alleged wrongful dismissal. Plaintiff bases his claim on 18 § 7321 of the Pennsylvania Code declaring it unlawful for an employer to require a prospective employee to submit to a polygraph examination as a condition of employment.[1] While the statute does not ex-

---

1. § 7321. Lie detector tests

(a) Offense defined.—A person is guilty of a misdemeanor of the second degree if he re-

plicitly provide a private cause of action, plaintiff relies on the statute as a statement of public policy against such a requirement, breach of which policy serves as the basis for plaintiff's tort action.

In its motion to dismiss, defendant argues that § 7321 provides no basis for a cause of action. Defendant maintains that since the statute defines only criminal conduct, it provides no independent civil cause of action to private persons. Second, the defendant argues that the conduct defined in the statute is merely *malum prohibitum* not *malum in se* therefore providing no basis for tortious redress. Third, defendant asserts that absent a conviction under the criminal statute plaintiff has failed to establish the requisite causal connection between the criminal statute and the wrong for which plaintiff seeks redress.

█ In ruling on defendant's motion to dismiss, we note initially that the complaint may not be dismissed unless "it appears beyond doubt" that the plaintiff can establish "no set of facts in support of his claim" that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Factual allegations made by the plaintiff in his complaint must be taken as true for the purpose of determining whether a motion to dismiss should be granted. *McKnight v. Southeastern Pennsylvania Transp.*, 583 F.2d 1229 (3d Cir. 1978). *See also, Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). The allegations contained in the complaint must be construed in the light most favorable to the plaintiff. *See, Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir. 1977).

█ It has been recognized that considerations of public policy restrict and limit arbitrary decisions by employers to dismiss their employees. *See, Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Reuther v. Folwer & Williams, Inc.*,

255 Pa.Super. 28, 386 A.2d 119 (1978). A discharged employee may have a cause of action against his employer when the employer exercises his otherwise absolute right to terminate the employment relationship in a manner which contravenes or undermines an important public policy. *See, Smith v. Atlas Off-Shore Boat Service, Inc.*, 653 F.2d 1057, 1061–62 n. 9 (5th Cir. 1981) (listing cases which recognize a cause of action for discharged employee based on public policy considerations). Such a public policy has been found by courts to be embodied in Pennsylvania's anti-polygraph statute. Courts have upheld tort actions for wrongful discharge of employees for their refusal to submit to polygraph examinations, *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir. 1979), and upheld actions for wrongful discharge based on the results of a polygraph examination allegedly required as a condition of continued employment, *Polsky v. Radio Shack*, 666 F.2d 824 (3d Cir. 1981) (a tort action was recognized *despite* release signed by employee when she underwent polygraph examination).

█ If plaintiff in the case *sub judice* can establish a causal connection between his polygraph examination and his dismissal there is ample legal authority to support his tort action against his employer. Upon a motion to dismiss, our scrutiny of plaintiff's complaint is at an end once it appears that there are facts which plaintiff can prove in support of his claim which would entitle him to relief. Plaintiff states that he underwent a polygraph examination at his employer's request and was dismissed due to the results of the examination. Therefore plaintiff has pleaded a valid cause of action for tortious discharge, and the defendant's motion to dismiss is denied.

quires as a condition for employment or continuation of employment that an employe or other individual shall take a polygraph test or any form of a mechanical or electrical lie detector test.

(b) Exception.—The provisions of subsection (a) of this section shall not apply to employes or other individuals in the field of public law enforcement or who dispense or have access to narcotics or dangerous drugs.