The SHARON STEEL CORPORATION and the Carpentertown Coal and Coke Company, Plaintiffs,

v.

The VJR COMPANY and James Cook, Sr., Defendants.

Civ. A. No. 84–753.

United States District Court,
W.D. Pennsylvania.

Feb. 12, 1985.

As Amended March 18, 1985.

See also, D.C., 587 F.Supp. 544.

Robert J. Cindrich, Pittsburgh, Pa., for plaintiffs.

William A. Pietragallo, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

Plaintiffs initiated this antitrust action and in response defendants jointly answered and filed a counterclaim on behalf of defendant James Cook, Sr. alleging that James Cook Sr. was wrongfully discharged from his position as outside yard superintendent at Carpentertown. Defendants have been permitted to amend their counterclaim pursuant to an earlier motion to dismiss. The case is now before the court on plaintiffs' motion to dismiss defendants' amended counterclaim. We will hereafter treat this as defendant Cook's counterclaim. Both parties have supplied the court with briefs supporting their respective positions.

■ Defendant's counterclaim consists of eight counts, the first of which alleges intentional interference with performance of an employment contract. Count VII alleges tortious interference with contractual relations. Both of these counts involve the factual allegations that Henry Evans, acting within the scope of his employment for Sharon Steel interfered with the employment contract between Carpentertown and James Cook, Sr.

Plaintiffs argue that Counts 1 and VII fail to state a cause of action. Plaintiffs claim that Henry Evans' actions are privileged since he is also the president of Carpentertown. (Plaintiff's Brief at p. 5). Moreover Carpentertown is the wholly-owned subsidary of Sharon Steel. Thus Henry Evans, acting as an officer or employee of either and/or both plaintiffs, was in a position which required and permitted him to make employee evaluations and judgments about the termination of Carpentertown employees. Further, plaintiffs argue there is no third person interference, and Pennsylvania law does not permit a terminated employee to assert such claims against his own employer.

While we note that plaintiffs have not provided sufficient evidentiary materials to establish, without doubt, Henry Evans' position at Carpentertown, and we therefore would be required on a motion to dismiss to assume that defendant's allegations are true, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), we agree with the plaintiffs that in this instance it is defendant's responsibility to plead and prove the absence of such a privilege as an element of his cause of action. *Bahleda v. Hankison Corp.*, 228 Pa.Super. 153, 323 A.2d 121 (1974); *Geib v. Alan Wood Steel Company*, 419 F.Supp. 1205 (E.D.Pa.1976). Defendant has not done so. Therefore Counts I and VII will be dismissed.

■ In Count II, defendant alleges wrongful discharge in violation of a public policy. A discharge in violation of a public policy is an exception to the general rule in Pennsylvania that at-will employees, absent a statutory or contractual provision to the contrary, may be terminated at any time, for any reason or no reason. *Shipkowki v. United States Steel Corporation*, 585 F.Supp. 66 (E.D.Pa.1983); *Cisco v. U.P.S., Inc.*, 476 A.2d 1340 (Pa.Super.1984). The only possible reference to a public policy that the court can find in defendant's pleadings is the claim that "[i]mplicit in Pennsylvania law is the recognition that an individual cannot be unjustly dismissed." (Amended Counterclaim, ¶ 21). Defendant's brief sheds no further light on the

nature of the public policy alleged to have been violated. Since we can identify no well-defined and recognized public policy violation, we believe that Count II must be dismissed for failure to state a cause of action. *See Wolk v. Saks Fifth Avenue, Inc.,* 728 F.2d 221, at 225 (3d Cir.1984); *Adams v. Budd Company,* 583 F.Supp. 711 (E.D.Pa.1984); *Novosel v. Nationwide Insurance Company,* 721 F.2d 894 (3d Cir. 1983).

█ Defendant's Count III alleges that the actions of Sharon Steel, Carpentertown and Henry Evans, in forcing James Cook, Sr. into quitting his job and taking early retirement, were intended to subject Cook, Sr. to suffer severe and damaging emotional distress, and were so outrageous as to constitute intentional infliction of emotional distress. We do not find the conduct alleged to be "[s]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Restatement, Torts 2d § 46, comment d (1979). *Wells v. Thomas,* 569 F.Supp. 426 (E.D.Pa.1983); *Cautilli v. GAF Corp.,* 531 F.Supp. 71 (E.D.Pa.1982). Count III will therefore be dismissed.

█ Defendant's Count IV alleges that the actions of Sharon Steel and Carpentertown constitute the violation of an oral contract. The factual allegations involved in this count are that Sharon Steel and Carpentertown, through its managing agents, extended oral commitments to James Cook, Sr. indicating that he was employed until such time as either he inadequately performed his job or there was no more work to be had at Carpentertown. It is clear from the pleadings that defendant James Cook, Sr. was an employee at will. Pennsylvania law presumes that an employee serves at the pleasure of an employer and that the relationship may be terminated by either party and at any time, absent a specific term of duration. *Adams v. Budd Company,* 583 F.Supp. 711, 713 (E.D.Pa.1984). Defendant does not sufficiently allege facts or circumstances from which the implied-in-fact oral contract can be inferred. Therefore Count IV will be dismissed.

█ Defendant's Count V alleges that Sharon Steel and Carpentertown had an employee manual which imposed a contractual obligation to discharge an employee only for just cause and that by forcing defendant into early retirement there was a violation of an employee manual contract. Based on *Richardson v. Charles Cole Memorial Hospital,* 320 Pa.Super. 106, 466 A.2d 1084 (1983),[1] and *Wolk,* 728 F.2d at 224, we find that this count does not state a claim upon which relief may be granted. Count V will therefore be dismissed.

█ Defendant's Count VI alleges that Sharon Steel and Carpentertown followed the guidelines established in United Mine Worker's contract and that these contracts provided discharge only on a showing of just cause. Accepting this as true, we do not believe that a nonunion, managerial employee obtained any legally enforceable rights by this voluntary choice of his employer. Count VI will therefore be dismissed.

Defendant's Count VIII alleges that defendant was wrongfully discharged and that Sharon Steel was motivated by bad faith. No clear public policy has been violated, and therefore under Pennsylvania law, defendant, an employee at will, has no wrongful discharge action against his employer. *Richardson, supra,* Count VIII will be dismissed.

---

**1.** We note that the unpublished opinion cited as authority by defendants, *Banas v. Matthews International Corp.* (1984) Civil Action No. 1205, Pgh. 1982, was reargued en banc in December 1984. An opinion has not yet been issued.