Marc I. SILVER

v.

**M. Mark MENDEL, Individually, Daniel Murray, Individually, and M. Mark Mendel, Ltd.**

**Civ. A. No. 86–7104.**

United States District Court, E.D. Pennsylvania.

Nov. 21, 1988.

See also, 3d Cir., 835 F.2d 63.

Richard M. Jordan, David E. Sandel, Jr., White and Williams, Philadelphia, Pa., for Marc Silver.

H. Robert Fiebach, David I. Bookspan, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, Pa., for Mark Mendel, et al.

MEMORANDUM

McGLYNN, District Judge.

On December 28, 1984, M. Mark Mendel, Ltd. filed a Petition for Involuntary Bankruptcy against Marshall–Silver Construction Company, Inc. in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Since an Involuntary Petition requires three creditors, defendant included on the petition Nester Brothers and R.J. Skelding Company. The Bankruptcy Court ordered each of the petitioning creditors to post a bond. They failed to post the required bond, and the Court dismissed the Bankruptcy Petition in 1985.

On December 5, 1986, plaintiff filed this action along with a related action captioned *Marshall–Silver Construction Company, Inc. and Silver Construction, Inc. v. M. Mark Mendel, Ltd.*

In response to the two complaints, defendants filed a consolidated motion to dismiss both actions. On March 25, 1987, the court entered an Order dismissing all of the claims of the *Marshall–Silver* action and dismissing all but Count III of this action. The complaint in the *Marshall–Silver* action alleged only federal question jurisdiction, so after dismissing the federal RICO claim on the merits, the court dismissed the state law claims on jurisdictional grounds. Following the court's ruling, plaintiffs in the *Marshall–Silver* action filed a Notice of Appeal. The United States Court of Appeals for the Third Circuit affirmed the judgment of the district court dismissing plaintiffs' claims.

In the present action, plaintiff's complaint was comprised of the following six counts:

Count I: Interference with Existing Contractual Relations

Count II: Interference with Prospective Contractual Relations

Count III: Wrongful Use of Civil Proceedings

Count IV: Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 (1984 & Supp. 1987)

Count V: Intentional Infliction of Emotional Distress

Count VI: Negligence

The complaint in this action alleged both federal question jurisdiction and diversity jurisdiction. By order dated March 19, 1987, the District Court dismissed the federal RICO claim and four out of five state law claims on the merits.

Presently before the court in this action is the motion presented by defendants M. Mark Mendel, Daniel E. Murray and M. Mark Mendel, Ltd., asking this court to enter an Order for judgment on the pleading dismissing the Complaint of Mark I. Silver. Plaintiff filed a response in opposition to defendants' motion for judgment on the pleadings and a cross-motion to reinstate Counts I and II of the Complaint. Plaintiff's cross-motion to reinstate Counts I and II will be denied.

Plaintiff's remaining claim is one for wrongful use of civil proceedings based upon defendants' filing of a Petition for Involuntary Bankruptcy against Marshall–Silver Construction Company, Inc. of which plaintiff was the sole shareholder. Because the petition was filed against plaintiff's company and not against plaintiff, plaintiff lacks standing to bring a claim for wrongful use of civil proceedings.

Pennsylvania's codification of the tort of wrongful use of civil proceedings (42 Pa. Const.Stat.Ann. § 8351 (Purdon 1982) (commonly referred to as the Dragonetti Act) provides in pertinent part:

(a) Elements of Action.—A person who takes part in the procurement, initiation, or continuation of civil proceedings *against another* is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.Cons.Stat.Ann. ¶ 8351 (Purdon 1982) (emphasis added).

By its express terms, "a person who takes part in the procedure, initiation or continuation of civil proceedings· *against another* is subject to liability *to the other* for wrongful use of civil proceedings." 42 Pa.C.S.A. § 8351(a) (emphasis added). Thus, only a defendant to the prior proceeding can bring a Dragonetti claim. *See Lessard v. Jersey Shore State Bank,* 702 F.Supp. 96, 97–98 (M.D.Pa. 1988) (Kosik, J.) (because plaintiff was not a party to the underlying action, she lacks the requisite standing to bring a cause of action under 42 Pa.C.S.A. § 8351). *See also, Mintz v. Bur,* 6 Pa. D. & C.3d 779 (Montgomery Cty.1977), *aff'd per curiam,* 257 Pa.Super. 641, 390 A.2d 311 (1978). In *Mintz,* the court determined that "[w]hile the cases cited by plaintiffs may be authority for the proposition that a person who is not a party of record in a prior lawsuit can still be held liable for malicious use of process or abuse of process where that person is shown to have been the instigator of the original suit, these cases do not support plaintiffs' contention that it is not necessary that they have been named as a defendant in the original action in order to maintain the instant cause of action." *Id.* at 785.

Since the Petition for Involuntary Bankruptcy was not filed against the plaintiff, plaintiff does not have standing to bring a claim against defendants for wrongful use of civil proceedings. Consequently, this

court will grant defendants' motion for judgment on the pleadings.

An appropriate order follows.