Kathleen **QUINN**, Plaintiff,

v.

**LIMITED EXPRESS, INC.,** and Jayne L. **Sainer,** Defendants.

Civ. A. No. 88–576.

United States District Court,
W.D. Pennsylvania.

June 9, 1989.

David F. Weiner, Pittsburgh, Pa., for plaintiff.

Robert H. Shoop, Jr., Martin J. Saunders, Pittsburgh, Pa., James M.L. Ferber, Columbus, Ohio, for defendants.

## OPINION

SMITH, District Judge.

This removal action, before this Court pursuant to diversity jurisdiction, presents us with a Motion for Summary Judgment by defendants, Limited Express, Inc. (Limited) and Jayne L. Sainer (Sainer). On February 19, 1988, plaintiff commenced an action against the defendants [1] alleging slander, slander by compelled self-publication, and assault and battery.

Plaintiff, a former employee of Limited, contends that Limited and Sainer are liable for slander because Sainer, plaintiff's supervisor at Limited, accused plaintiff of the theft of Limited's funds totalling approximately $2.87. Plaintiff also alleges that Limited and Sainer are liable for slander because plaintiff was compelled to publish this defamatory accusation to a prospective employer. Finally, plaintiff asserts that Limited and Sainer are liable for an assault and battery arising out of a polygraph examination which the plaintiff submitted to as part of her employer's investigation regarding an earlier unrelated disappearance of funds.

First, we address plaintiff's claim of slander. Defendants assert summary judgment is appropriate inasmuch as this Court previously ruled in its disposition of defendant's Motion to Remand that no cause of action existed because the alleged defamatory statements were conditionally privileged. Plaintiff contends that discovery subsequent to the Court's ruling on the Motion to Remand shows that the alleged defamatory statements may have been published to non-supervisory employees.

■ A conditional privilege does exist in this instance because it is reasonable that the alleged defamatory statements would be communicated to plaintiff's supervisors. *Gresh v. Potter McCune Co.*, 235 Pa.Super. 537, 344 A.2d 540 (1975). Plaintiff, however, has produced evidence which may establish an abuse of that privilege, that is, the publication of the defamatory statement to non-supervisory employees. Since there is a genuine issue of fact regarding the abuse of the privilege, summary judgment will be denied as to plaintiff's count of slander.[2]

■ Second, we address defendants' Motion for Summary Judgment as to plaintiff's claim of slander due to compelled self-publication. Defendants, again, rely on Judge Teitelbaum's previous ruling in this case which held that no cause of action for compelled self-publication existed in Pennsylvania. Plaintiff admits this, but argues that we should follow the Pennsylvania Superior Court's liberal trend with regard to defamation and recognize this novel cause of action. Plaintiff cites as persuasive authority only the Minnesota Supreme Court decision of *Lewis v. Equitable Life Assurance*, 361 N.W.2d 875

1. Plaintiff commenced this action in the Allegheny County Court of Common Pleas against Limited, a Delaware corporation with its principal place of business in Ohio, and Sainer, a Pennsylvania citizen. Limited removed the action to the Western District of Pennsylvania asserting fraudulent joinder of defendant, Sainer. Thereafter, plaintiff moved to remand the case to Common Pleas. Plaintiff's motion to remand was denied by the Honorable Hubert I. Teitelbaum in a memorandum opinion and order dated May 12, 1988. *Quinn v. Limited Express, Inc.*, No. 88–576 (W.D.Pa. May 12, 1988). Judge Teitelbaum held that the joinder of Sainer was fraudulent since there were no grounds upon which a cause of action would lie against the non-diverse defendant. Plaintiff's petition for reconsideration also was denied without opinion. This action was subsequently reassigned to this Judge by order of the Court on November 8, 1988.

2. We note that our denial of summary judgment for the defendants as to Count I of plaintiff's Complaint pertains to only the allegation of slander based on the publication of the defamatory statements to non-supervisory personnel. We do not address, and neither did counsel for either party, the existence of a privilege to publish the defamatory statement to the Pennsylvania Department of Labor and Industry for the purpose of contesting plaintiff's right to receive unemployment compensation benefits.

(Minn.1985), which recognized this cause of action.

As a federal district court presiding over a diversity matter, we must apply the substantive law of the forum state to the dispute between the parties. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We have carefully researched this area of the law and have failed to find any Pennsylvania authority even addressing the issue. Moreover, as noted by the defendants, Pennsylvania statutory law provides that the defendant show seven elements to prove a claim of defamation, including "[i]ts publication by the defendant." 42 Pa.C.S.A. § 8343(a)(2) (1978). For these reasons, we decline to accept the plaintiff's invitation to recognize a new cause of action. The defendants are entitled to summary judgment as a matter of law with regard to plaintiff's claim for slander due to self-publication.

■ Finally, we address the defendants' Motion for Summary Judgment as to plaintiff's claim for assault and battery. Plaintiff alleges that she was compelled to submit to a polygraph examination at the request of defendants on January 2, 1987. This polygraph was administered as part of an investigation into an unrelated disappearance of the store's funds in December 1986. Plaintiff admits that she was not required to take the polygraph and that she signed the release forms [3] before the examination. Nevertheless, plaintiff asserts she felt compelled to take the polygraph. (Quinn Depo. p. 73). Plaintiff contends that the actual administration of the polygraph was unlawful because of section 7321 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 7321 (1972). Therefore, she argues that the written releases were invalid and the contact with her body was tantamount to an assault and battery.

Section 7321 provides:

A person is guilty of a misdemeanor of the second degree if he requires as a condition for employment or continuation of employment that an employee or other

individual shall take a polygraph test or any form of a mechanical or electrical lie detector test.

18 Pa.C.S.A. § 7321(a). This section has been recognized as a statement of Pennsylvania's public policy regarding the administration of polygraphs to employees. *See Polsky v. Radio Shack,* 666 F.2d 824 (3rd Cir.1981). Violations of this section by an employer have given rise to causes of action for tortious discharge, invasion of privacy, and intentional infliction of emotional distress *Polsky,* 666 F.2d at 824; *Molush v. Orkin Exterminating Co., Inc.,* 547 F.Supp. 54 (E.D.Pa.1982); *Leibowitz v. H.A. Winston Co.,* 342 Pa.Super. 456, 493 A.2d 111 (1985). Moreover, employee claims of this nature have been actionable despite the fact that the employee signed a release of liability associated with the employer's request for a polygraph. *Id.*

An employee's signed release of liability associated with the administration of a polygraph was not a bar to litigating his claims in *Leibowitz v. H.A. Winston Co.,* 342 Pa.Super. 456, 493 A.2d at 111. The superior court held that a jury should decide whether the employee's signed release was valid because the evidence supported a reasonable inference that compulsion may have been present. As a result, the plaintiff in *Leibowitz* was able to obtain a new trial on his claims for wrongful discharge, invasion of privacy and intentional infliction of emotional distress.

Plaintiff's argument that the releases are invalid due to the fact that she was compelled to sign them is persuasive, at first blush. There is a distinction, however, between the written release of liability upon which plaintiff bases her argument, and the consent plaintiff physically and nonverbally exhibited when the polygraph was given. At issue is whether plaintiff consented to the administration of the polygraph. Hence, whether plaintiff was compelled to sign the release of liability is irrelevant.

---

**3.** Plaintiff's consent was a release of "any and all actions or causes of action, claim, demand or liability which I have now or may ever have

resulting directly or indirectly from my taking said examination ..." Quinn Depo. Exhibit 11.

Our focus, therefore, is on the plaintiff's actions at the time the polygraph was administered. If the plaintiff consented to the administration of the polygraph, then there can be no claim for assault and battery.

Consent is a defense to the intentional torts of assault and battery. W. Prosser, Law on Torts § 18 (4th ed. 1971). Consent may be manifested by an individual's words and/or affirmative actions which indicate a willingness for another's conduct to occur. Consent also may be indicated by inaction which indicates to another an implied or apparent willingness for conduct to occur. Restatement (Second) Torts § 892, comment b and c (1979). In effect, the individual's actions speak louder than words. Prosser, Law on Torts § 18.

In the instant action, plaintiff's conduct implied a willingness to have the polygraph administered. Plaintiff testified in her deposition that she did not tell either Limited's representative or the examiner that she did not want to take the test. Quinn depo. p. 70. Plaintiff also testified that she did not object to the examiner hooking up the polygraph equipment. *Id.* at 72. Prior to the test, plaintiff signed not one but two consent forms after reading them. Quinn depo. p. 68; Quinn depo. exhibits 10 and 11. These circumstances indicate an implied consent to have the test administered even though she felt compelled to submit. We conclude that as a matter of law plaintiff's consent negates her cause of action for assault and battery.

Our conclusion that plaintiff impliedly consented to the polygraph examination is supported by the absence of duress. Plaintiff testified that neither the examiner nor any representative from the company told her she had to take the polygraph test. Quinn depo. p. 70. Likewise, neither the examiner nor any company representative told her she had to sign the consent forms. *Id.* at 71. In addition, plaintiff's feeling of compulsion was at best an assumption on her part. Quinn depo. p. 73. Plaintiff was never told she would be fired if she did not submit to the exam. Plaintiff's Brief in Opposition to Defendant's Memorandum, Quinn affidavit. We recognize that plaintiff "felt that if I did not submit to it that I would either be terminated or looked upon with disfavor and suspicion by my superiors." *Id.* The plaintiff's perceptions of economic duress, however, are insufficient to negate plaintiff's conduct which manifested her implied consent.[4]

Furthermore, a cause of action for battery requires offensive contact with the individual. Restatement (Second) of Torts § 13 (1965). During her deposition, plaintiff testified that she was not touched in any offensive manner. Quinn dep. p. 85. In the absence of this element, a cause of action in battery cannot be said to lie.

In conclusion, we refuse to recognize a cause of action for assault and battery merely on the basis that the plaintiff submitted to an employer requested polygraph. Plaintiff's conduct manifested her consent to the administration of the exam. In addition, the contact at issue was not offensive. Therefore, plaintiff's cause of action for assault and battery fails. An appropriate order will be entered.

### ORDER

AND NOW, this 9th day of May, 1989, upon consideration of the defendant's Motion for Summary Judgment and consistent with the accompanying opinion, it is

ORDERED, that:

1. Summary judgment is denied as to Count I, Slander, of plaintiff's complaint.

2. Summary judgment is granted in favor of the defendants as to Count II, Slan-

---

**4.** The Third Circuit addressed the economic duress an employee may experience if requested to take a polygraph in *Polsky,* 666 F.2d at 829 n. 6. The circuit refused to "hold that economic duress which inheres in the employer-employee relationship is, *ipso facto,* sufficient to invalidate a *release.*" *Id.* (emphasis added). The court addressed economic duress, however, as it pertained to only a written release. The court's note made absolutely no reference to economic duress as it relates to one's conduct which indicates to another a willingness or assent for certain conduct to occur. Therefore, we do not find this statement requires us to invalidate the plaintiff's implied consent to have the polygraph administered.

der by Self–Publication, of plaintiff's complaint. Count II is dismissed with prejudice.

3. Summary judgment is granted in favor of the defendants as to Count III, Assault and Battery, of plaintiff's complaint. Count III is dismissed with prejudice.